## Meusel vs. Semple.

*December 17, 1879 — January 7, 1880.*

*(1) Evidence.   (2) Reversal for error of fact.*

1. In an action for contribution by one of two joint indorsers against the other, where the issue is, whether defendant, as well as plaintiff, and through plaintiff as his agent, waived presentment and notice, evidence of a promise by defendant to plaintiff, after the maturity of the note, to pay his share of it, may be received as bearing upon that issue.

2. Where there was evidence which, uncontradicted, would support the verdict, and a new trial has been denied, this court (unless in an extreme case) will not reverse the judgment.

APPEAL from the Circuit Court for *Winnebago* County. The case is thus stated by Mr. Justice TAYLOR:

" The evidence in this case shows that the plaintiff and defendant both indorsed a note of James Semple (brother of the defendant), bearing date May 29, 1874, for the sum of $1,500, payable to Joseph Kirkland or bearer, at the First National Bank of Oshkosh, four months after date, with interest at the rate of 10 per cent. per annum; and that at the time the note became due it was owned and held by one Joseph Klockner. It was admitted upon the trial that the indorsement was a joint indorsement by the defendant and plaintiff. It was also admitted that the note, when it became due, was not presented to the maker for payment, nor was any notice of the nonpayment of the same given to either of the indorsers. The plaintiff paid the note some time after it became due, and brings this suit to compel the defendant to pay one-half the amount of the money paid by him as his contributive share upon such joint indorsement."

Defendant appealed from a judgment for the plaintiff.

*G. W. Washburn*, for the appellant.

For the respondent, there was a brief by *Gabe Bouck*, and oral argument by *Charles W. Felker*.

TAYLOR, J. The plaintiff bases his claim to contribution upon the ground that he and the appellant, before the note became due, requested the holder not to present it for payment, and waived protest and notice of nonpayment.

The only issue made on the trial was, whether the appellant waived such protest and notice; the proof clearly showing that the respondent did waive such protest and notice, and requested the holder not to have the same protested or notice given.

The respondent testified that a few days before the note be-

came due, "the defendant told him he did not want the note protested; that as soon as his brother got better he would pay it;" and that he then saw the holder of the note, Klockner, and told him not to protest the note, and he did not. He also swears that after the note became due the appellant repeatedly promised to pay his share of the note, but put him off from time to time. The appellant swears that he had no conversation with the respondent about the note after it was indorsed, until some time after it became due; and denies that he ever told him he did not want the note protested, but admits that the respondent called on him after it became due, and wanted him to pay one-half of it; that he called on him repeatedly, and that he told him "he could not do anything for him then."

There was but one exception taken upon the trial, which was to the admission in evidence of the conversation between the plaintiff and defendant after the note became due, and in which plaintiff claims and testifies that the defendant said "he would not have it that the plaintiff should lose the whole, and I paid my share, and he promised to pay me."

There was no exception taken to the charge of the judge, and, from an examination of the same, the questions in issue seem to have been fairly submitted to the jury. The learned circuit judge instructed the jury, in substance, that the plaintiff could not recover unless they found from the evidence that the defendant waived protest of the note, and that, to find such waiver under the evidence, they must find that the defendant authorized the plaintiff to say to the holder of the note, on his behalf as well as on his own, that he should not protest it. Upon this evidence, fairly submitted, the jury found for the plaintiff.

The defendant moved to set aside the verdict, on the grounds that there was no evidence to support it, that it was against the weight of evidence, and that improper evidence was admitted on the trial. The motion was denied, and judgment entered, from which the defendant appeals.

We do not think there was any error in admitting the evidence of the promise of the defendant to pay the plaintiff a portion of the amount of the note, made after the note became due. Although the action was not brought upon this promise, but upon the legal liability of the defendant to contribute to the payment of the note, upon the ground that both the joint indorsers had waived protest and notice of nonpayment, the objection being of the most general kind, the evidence was, we think, admissible upon the issue of the defendant's waiver of notice of protest before the note became due. Such promise would have been clearly admissible if the action had been between the holder of the note and the defendant, and the promise to pay had been made by the defendant to the holder, as some evidence tending to show that a notice of protest of the note had been waived by the defendant, as well as evidence tending to show that notice had been regularly given.

In the case of *Lundie v. Robinson*, 7 East, 235, Lord ELLEN-BOROUGH says: "When a man against whom there is a demand promises to pay it, for the necessary facilitating of business between man and man, everything must be presumed against him. It is therefore to be presumed *prima facie*, from the promise so made, that the bill had been presented for payment in due time and dishonored, and due notice thereof given to the defendant. But, taking the subsequent conversation as connected with the former, the only limitation of it would be that the defendant stated that he had not had regular notice of the dishonor; but even that objection was waived in the same breath, for the defendant said that as the debt was justly due he would pay it." In the case at bar, the defendant knew that he had not received any notice of protest, and, as he now claims, was not in law either bound to pay the holder of the note or contribute to his joint indorser, who was obligated to pay the same, unless he had waived notice of nonpayment; yet, when called upon by his joint indorser to contribute to the payment of the same, he promises to pay. This, under the

rule above stated, would be evidence tending to show either that he had waived the notice of nonpayment before the note became due, or, if he had not so waived it, that he would pay his proportion notwithstanding the want of any previous waiver on his part. Such subsequent promise is, by most of the cases, considered a waiver of the right to the notice, and renders the indorser liable upon the indorsement, the same as though notice had in fact been given. *Sigerson v. Mathews*, 20 How., U. S., 496–500; Story on Promissory Notes, § 362 and notes.

But there is another view of this case which renders such promise clearly admissible. The plaintiff claimed that he was authorized, as the agent of the defendant, to waive protest of this note. Knowing that the plaintiff had waived such notice, he afterwards promises to pay, notwithstanding the want of notice. Clearly this evidence of a promise to pay is evidence tending to show that the plaintiff was in fact authorized to make such waiver on his behalf. His promise to pay is an acknowledgment on his part of the justice and legality of the claim made by the plaintiff; and in such acknowledgment of the legality of the claim there is an implied admission that the plaintiff was authorized to waive the notice of protest on the part of the defendant; for without such authority there could be no legal claim against him.

We think the charge of the learned circuit judge was sufficiently favorable to the defendant; and I think, if there is any complaint to be made against it, the plaintiff might with some show of justice complain that it did not give sufficient importance to the fact of the defendant's promise to pay the debt after the note became due. Upon the exact point submitted to the jury, viz., whether the defendant had, before the note became due, authorized the plaintiff to waive notice of protest for him, there was evidence on both sides; and, giving proper importance to the testimony relating to the defendant's subsequent promises to pay, we cannot even say the verdict is

against the weight of evidence. But, however that may be, this court, upon an appeal, does not weigh and balance the evidence for the purpose of determining whether the verdict is on the side which, from the mere inspection of the written evidence, appears to preponderate.

When the evidence given on the part of the prevailing party is such that, if uncontradicted, it would entitle him to the verdict he has obtained, it would be an assumption of power on the part of this court, except in an extreme case, to overrule the judgment of the judge before whom the case was tried, that a new trial ought not to be granted. The judge who hears the witnesses, and fully understands all the facts attending the trial, who can perceive the coloring and shading of the testimony, and the bias or prejudices of the witnesses, is in a much more advantageous position for determining whether the verdict is unsustained by the evidence, than this court can possibly be from a mere inspection of the impersonal written record before it. There was clearly some evidence to sustain the verdict, and, the judge who tried the cause having expressed himself satisfied therewith, we cannot reverse the same.

*By the Court.*— The judgment of the circuit court is affirmed.