LEWIS W. HOWELL, Appellant, *v.* DANIEL HOWELL, Appellee.

### APPEAL FROM HENRY.

The correction of mistakes in awards, as in other instruments, must be referred to courts of equity.

Where a mistake sought to be corrected in an award, is matter of substance, or affects the merits of the controversy, a resort must be had to equity.

THE matters of controversy in this case are sufficiently stated in the opinion of the court.

H. W. WELLS, and C. C. BONNEY, for Appellant.

WILKINSON & PLEASANTS, for Appellee.

WALKER, J. The arbitrators to whom the parties had submitted their differences, returned their award, which was filed, and an order for its execution was made by the court below.

After it was returned, and a motion entered by appellee to have it made a rule of court, appellant entered a cross-motion to correct an alleged mistake, in the description of the land which he was required to convey. The award requires him to convey to appellee fifty acres off of the east side of the north-east quarter of section thirty, when, it is insisted, that it should have been taken from the east side of the north-west quarter of that section. After hearing the evidence, the court below overruled the motion, and entered a rule requiring the performance of the award as returned by the arbitrators. The overruling of that motion, and the entering of that rule, is relied upon principally for a reversal.

The correction of mistakes in contracts, agreements, and every description of instruments, is alone cognizable in a court of equity. It forms one of the extensive and highly important heads of chancery jurisdiction. It, like the other branches of chancery jurisdiction, was originally assumed because courts of law had no power to afford relief. This branch of equity jurisdiction is exclusive, and not concurrent. And unless it be in those States which have no separate court of chancery, and where all rights, whether legal or equitable, are determined by the courts of law, it will be found that the latter courts have ever refused to afford such relief. And so long as the two courts remain distinct in their organization and jurisdiction, the distinctions as to their jurisdiction must be observed. If the court below had power to afford relief, it was not derived from the common law, but from statutory enactment.

Then has the statute conferred this authority upon the court? The tenth section of the act entitled Arbitration and Awards (Scates' Comp. 209) provides, that if any legal defects appear in the award, or it shall be made to appear by oath that the award was obtained by fraud, corruption or other undue means, or that the arbitrators misbehaved, the court may set aside the award. It is not urged that it appears from this award, that there are any legal defects in its execution, or for want of authority in the arbitrators. The defect is not apparent, as the award on its face is regular, and conforms to the submission. And there is no oath that any of the other causes for setting it aside exist. The eleventh section provides, that if there be any evident miscalculation or misdescription, or if the arbitrators appear to have awarded upon matters not submitted to them, not affecting the merits of the decision upon the matters submitted, or where the award shall be imperfect in some matter of form not affecting the merits of the controversy, and where such errors and defects if in a verdict might be legally amended or

Howell *v.* Howell.

disregarded, any party aggrieved may have the correction made, on motion to the court.

By this section, the miscalculation or misdescription must be evident, and doubtless from the award and proceedings themselves, and of such a character as not to affect the merits of the controversy on the matters submitted, or the imperfection must be in matter of mere form, or the error or defect in the award could be disregarded if it were a verdict, to authorize the court to make the correction. The alleged mistake in this case does affect the merits of the controversy, because it is in reference to the matter submitted, and proposes to substitute a different parcel of land for the one passed upon by the arbitrators, as they report in their award. And it will be observed, that the submission does not limit the action of the arbitrators to any particular lands, but is general. It will hardly be contended, that if such a mistake had occurred in the verdict of a jury, that it could be corrected, and judgment rendered upon it. No doubt where such a mistake was made to appear, a court would set such a verdict aside, but not correct it. This section has only conferred the power to correct, and not to set aside the award. The act has not only not conferred upon the court, but has excluded, the power to consider any matter affecting the merits of the controversy.

It then remains to determine whether the mistake sought to be corrected, affects the merits of the controversy. When we examine the submission, there is no description of this or other property found, but it is general in its terms, embracing all controversies, as well the exchange or sale of lands as of personalty. As the submission has described no lands, for aught that appears, it may have been a question whether the parties were bound to exchange lands, or, if so, what lands. The very question in dispute before and passed upon by the arbitrators, may have been which of the two tracts should be conveyed, the one described in the award, or that sought to be substituted. That may have embraced the entire controversy between the parties. And if so, to hear the evidence adduced before the arbitrators, and to review their finding, seems to us to be a finding on the merits on appeal, and to be wholly unwarranted by the common law as well as by the statute. If there has been a mistake, the appellant must be left for his remedy, if he has any, to a court of equity.

We perceive no error in this record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*