GEORGE M. MILLS, PLAINTIFF IN ERROR, v. ALVIN SAUN-
DERS AND ALFRED BURLEY, DEFENDANTS IN ERROR.

1. **Conveyance:** MORTGAGE: REDEMPTION.  Mortgage premises were
conveyed by deed to M., with covenant against incumbrances, M. giving
a note in part payment thereof.  The premises were sold under the
mortgage, and M., afterwards paid the purchaser the full amount of
the mortgage debt, with interest and costs taking a deed of quit-claim
therefor.  *Held*, in a suit upon the note, that the amount paid to dis-
charge the incumbrance was for the redemption of the premises, to be
applied as a credit upon the note.

2. **Interest.**  Partial payments made upon a debt drawing interest should
be first applied in payment of the interest, and afterwards to the reduc-
tion of the principal.

3. **Evidence:** ADMISSIONS AND DECLARATIONS.  In an action upon a
promissory note, where the defense was that the note had been given in
part payment of real estate, upon which an incumbrance existed, proof
that one of the payees had said that "if the defendant would pay off
the incumbrance plaintiffs would owe the defendant $5000," *held*, inad-
missible.

4. **Conveyance:** COVENANT AGAINST INCUMBRANCES: SET-OFF.  An
incumbrance by way of taxes upon land must be first paid, before the
vendee can plead the same, as a set-off, in an action for the recovery of
the purchase money.

ERROR from the district court of Douglas county.

The action was upon a promissory note executed Decem-
ber 7th, 1867, by George M. Mills and others, who were
sureties, to Alvin Saunders and Alfred Burley.  It was
given as part consideration for the west thirty-four feet
of lot seven, in block one hundred and twenty, in the city
of Omaha, sold by Saunders and Burley to Mills by deed
with covenants of warranty and against incumbrances.
A mortgage existed upon said lot of land, held by one
Merrit, which was afterwards foreclosed and at the sale
thereof by the sheriff, Merrit became the purchaser.
Afterwards, and on the thirtieth day of December, 1868,
Mills paid Merrit the sum of $4684.46, said sum being

the amount due to Merrit under the mortgage, including the costs of foreclosure and the attorneys fees and expenses of said Merrit therein, and being $1315.54 less than the amount for which the premises sold under the foreclosure proceedings. The court below entered a finding in accordance with these facts, and also found that Mills agreed to protect Merrit against the payment of the above excess, and received from the said Merrit a quitclaim deed running to himself and George L. Miller. The court also found that the amount paid by Mills was for the redemption of the premises, and that Mills was entitled to have the credit of said sum of $4684.46 upon the note at the time of the payment, December 30, 1868. Interest was computed upon the note up to that date, the payment deducted, interest computed on the balance up to the first day of the term of court at which the cause was tried, and judgment entered accordingly. Upon the trial, the defendant, Mills, offered to prove by himself and defendant, McCormick, that at a time prior to the commencement of the action they called upon plaintiff Burley, who said that if Mills paid the Merrit claim the plaintiffs would owe Mills the sum of $5000. This the defendants were not permitted to prove, and they took their exceptions accordingly. The cause was brought here by Mills, defendant in the court below, by petition in error.

*G. M. Mills*, pro se., cited *Bemis v. Smith*, 10 *Met.*, 194. *Brown v. Dickerson*, 12 *Penn. State*, 372. *Stewart v. Drake*, 4 *Halstead*, 139. *McGary v. Hastings*, 39 *Cal.*, 360.

*George W. Doane*, for defendant in error.

I. The mode of computing interest, which was adopted in this case, is that which is supported by the best author-

ity. *Parson on Mer. Law*, 269. 1 *Bouvier Inst.*, 448. *Connecticut v. Johnson*, 1 *Johns. Ch.*, 13. *Dean v. Williams*, 17 *Mass.*, 417. *Fay v. Bradley*, 1 *Pick.*, 194. *Penrose v. Hart*, 1 *Dall.*, 378. *Spires v. Hamet*, 8 *Watts & S.*, 18. *Story v. Livingstone*, 13 *Pet.*, 371. *Jones v. Ward*, 10 *Yerg.*, 170. *Hammer v. Neville*, *Wright's Rep.*, 164.

II.   Until an incumbrance is discharged by payment, the plaintiff in error has not been damnified, and is not entitled to recover the amount due from the covenantor. *Rawle on Covenants*, 134.

III.   The offer to prove upon the trial the opinion of one of the defendants in error, as to the legal liabilities of the parties to each other, was clearly incompetent.

GANTT, J.

It is claimed that the court erred in finding that the sum of money paid by plaintiff to Merritt was for the redemption of the premises bought by Mills of Saunders and Burley; and also in the method of computing interest.   We think there is no error in these findings of the court.   The plaintiff in error could at any time have paid off this incumbrance, and having done so, would have been entitled to a credit on the note for the amount so paid; or if the purchase money had all been paid, he could have recovered the amount so paid, by suit, if the defendants in error had refused to pay the same; or he might have brought his action upon the covenants of warranty against the incumbrance; but he saw proper to permit the mortgage to be foreclosed and the premises to be sold, and then redeemed the same by paying to the mortgagee his debt, costs and attorney's fees.   For the whole sum of money so paid to the mortgagee, by the plaintiff in error, the court allowed him a credit upon

the note.   This he was entitled to and it was all he could in equity demand.

But it is insisted that the court erred in its method of computation of interest in rendering its judgment against plaintiff in error.   In respect to this question, the rule seems not only to be well established but to be just in principle, that interest on a judgment or debt due, is computed up to the time of the first payment, and the payment so made is first applied to discharge the interest, and afterwards, if there be a surplus, such surplus is applied to sink the principal, and so *toties quoties*—taking care that the principal. thus reduced shall not at any time be suffered to accumulate by the accruing interest.   *Penrose v., Hart*, 1 *Dall.*, 379. *Spires v. Hammet*, 8 *Watts & S.*, 18.   *Story v. Livingstone*, 13 *Peters*, 371.   *Smith v. Shaw*, 2 *Wash.*, *C. C.*, 167.   *Hammer v. Neville*, *Wright's Rep.*, 169.

In respect to the sixth assignment of error it may be observed, that it seems impossible to discover in what way the evidence offered by plaintiff in error, in regard to the opinion or declaration of one of the defendants in error as to the legal liabilities of the parties to each other, could affect or change the final result of the case. The execution of the note and the price to be paid for the premises are not controverted, and the record clearly shows that Mills was credited with the full amount paid by him on the mortgage incumbrance.   It is upon the facts, and the law fairly applied to these facts, that the matters in controversy between the parties must be adjusted, whatever may have been the opinion of any one of the parties as to their legal liabilities; and upon an examination of the entire record it appears clear that the evidence offered was immaterial, and therefore properly rejected.

It is also insisted that the court erred in sustaining the demurrer to the third defense of the answer, which

alleges that there were delinquent and unpaid taxes upon the premises, which were an incumbrance thereon, and it is asked that such taxes be set off against the sum found due upon the note. It is not alleged that these taxes have been paid by Mills, or that he had ever been called on to pay any portion of them. This defense is specifically one of set-off, and is not a count in the nature of an action upon a covenant of warranty against an incumbrance. It is a plain elementary principle of law, that until such incumbrance is discharged by the vendee of land, he is not damnified in such manner as to entitle him to plead such incumbrance, by way of set-off to an action for the recovery of any portion of the purchase money. *Rawle on Covenants*, 288–9. The demurrer was properly sustained.

The judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.

MR. JUSTICE MAXWELL, concurred.    CHIEF JUSTICE LAKE did not sit.