W. NESBITT, PLAINTIFF IN ERROR v. T. J. CAMPBELL, DEFENDANT IN ERROR.

1. **Pleading:** DEMURRER TO ANSWER. A general demurrer to an answer admits as true all new matter pleaded therein, which constitutes a defense.

2. **Practice:** ATTACHMENT. A debt due upon a note or bill overdue, is subject to attachment and garnishment.

3. ——: ——: FORECLOSURE OF MORTGAGE: DEFENSE. In a foreclosure suit, an answer setting up a garnishment of the money in the hands of the mortgagor by a creditor of the mortgagee, and averring that an assignment of such mortgage and note was collusive, without consideration, and for the sole purpose of defrauding the creditor of the mortgagee, constitutes a good defense, if true.

4. **Deed:** COVENANTS: TAXES. Where it appears that a mortgage security was given in part payment of the land mortgaged, and that the same land was sold and conveyed to the mortgagor with covenants against all incumbrances thereon, unpaid taxes, due at the time of the sale, constitute an incumbrance on the land, and in a foreclosure suit may be pleaded as an off-set *pro tanto*.

ERROR from the district court of Nemaha county. Tried below before WEAVER, J. Judgment was rendered against Nesbitt who was defendant in the action there, and he brought the cause here by petition in error. The opinion states the case.

*J. H. Broady*, for plaintiff in error.

I. There is no question of negotiable paper in this action. No paper is negotiable in the commercial sense after due. The paper in this case was long since past due and dishonored at the time of the first alleged assignment, and hence not negotiable paper, but carried its infirmities with it into whosesoever hands it went; ever since due it has been but a chose in action, on a common

footing with other choses in action, all of which can alike be assigned under our statute subject to all defenses, and if the one cannot be attached the other cannot. Code, sections 29, 30 and 31. *Stone v. Elliott*, 11 O. S., 252. *Howe v. Hartman* 11 O. S., 449.

But debts on notes and bills past due can be attached, and the confusion on the subject arises from the loose use of the term negotiability, which, in the sense of the "law merchant," never applies to any paper past due. Drake on Attachment, Sec. 584. *Hill v. Kroft*, 29 Pa. St., 186. *Stevens v. Pugh*, 12 Iowa, 430. *Littlefield v. Dodge*, 6 Mich., 326. *Hubbard v. Williams*, 1 Minn., 54. *Enos v. Tuttle*, 3 Conn., 27. *Dore v. Dawson*, 6 Ala., 712. *Camp v. Clerk*, 14 Vt., 387. *Inglehart v. Moore*, 21 Texas, 501. *Colcord v. Daggett*, 18 Mo., 557. *Kimball v. Gay*, 16 Vt., 131.

The covenant against incumbrances was part of the consideration of the conveyance, and was broken when made, and hence there was a partial failure of consideration which comes in as a counter-claim, and is susceptible of exact measurement; indeed, is already liquidated and raised to the dignity of a debt and incumbrance of perpetual record in the office of the county treasurer. *Long v. Moler*, 5 O. S., 272. *Funk v. Creswell*, 5 Iowa, 62.

Under the second defense the plaintiff in error can show in evidence that since filing his said answer, he has been compelled to pay off the said incumbrance. *Mosly v. Hunter*, 15 Mo., 322. *Brooks v. Moody*, 20 Pick., 475. *Kelly v. Lord*, 18 Me., 244. *Leffingwell v. Elliott*, 10 Pick., 204. *Wilcox v. Executors*, 4 Peters, 182. *Foote v. Burnett*, 10 Ohio, 317.

*W. T. Rogers*, for defendant in error.

No brief on file.

Nesbitt v. Campbell.

GANTT, J.

This is a foreclosure case. The note and mortgage were executed by plaintiff in error to Samuel Bennett, and became due and payable, March 10, 1872. On the 15th day of May, 1874, Samuel Bennett assigned the note and mortgage to Daniel Bennett, and on the 10th day of November, 1874, Daniel Bennett assigned the same to the defendant in error. In his answer the plaintiff in error admits the execution of the note and the payment of a certain sum thereon, but denies each and every other allegation of the petition. He further pleads as an affirmative defense, that on the 3d day of July, 1874, the unpaid balance of said note was attached in his hands, upon a judgment recovered by one F. A. Holmes against the said Samuel Bennett, and that he was summoned to answer as garnishee his indebtedness on the said note; that on the 6th day of October, 1874, the district court found that he was indebted to said Samuel Bennett on said note, in an amount to exceed the amount due from said Samuel Bennett to said F. A. Holmes, and ordered and adjudged that as such garnishee he pay to said F. A. Holmes the sum of $945.50 within twenty days from that date, and in default thereof that execution issue against him for the collection of the same. He further avers that Samuel Bennett was then the owner of the note and mortgage, and that the pretended assignment of the same to Daniel Bennett was without consideration, procured by the collusion of defendant in error and said Samuel and Daniel Bennett, with intent and for the purpose of hindering, delaying, and defrauding the said F. A. Holmes, in the collection of her debt against said Samuel Bennett. For a further defense, he avers that the note and mortgage were given in payment of the balance of the purchase money of the same lands described in the petition, which the said

Samuel Bennett had sold and conveyed to him by deed with covenants thereon against all incumbrances on said land, and alleges that at the time of the execution of said conveyance there were tax liens on said lands to the amount of $128.73. To this answer a general demurrer was interposed. The demurrer was sustained, and the cause is now brought into this court upon petition in error.

Notwithstandiug the execution of the note and mortgage is admitted, yet the general denial of all other allegations of the petition, was sufficient to put the defendant in error upon proof of his ownership of the note and mortgage. But the demurrer admits the truth of all the new matter set up in the answer as a defense. It admits that Samuel Bennett was the real owner of the note and mortgage and that the pretended assignment of them was collusive, without consideration, and solely for the purpose of defrauding F. A. Holmes, a creditor of Samuel Bennett; and it further admits the tax incumbrance on the land at the time the plaintiff purchased it from Samuel Bennett. These allegations are material to the case, and if they are true (and under the pleadings they must be taken as true by the court) they will certainly constitute a good defense, at least *pro tanto*. The law is so well settled that a debt due upon a note or bill overdue, is subject to attachment, that it is unnecessary to refer to authority in support of it.

Again, as to the partial defense set up in the second count in the answer, it need only be observed, that in actions for breach of covenants against incumbrance, the ground of the action is not the debt or obligation to pay money, but the breach of the covenant is the ground of action and it will lie whether the incumbrance is or is not paid by the vendee; and if it is paid after the commencement of the action, the vendee may recover the full amount fairly and justly paid to remove such incum-

brance. And when the maker of a promissory note, given as payment on real estate, conveyed with warranties against incumbrance, is sued on such note, he may set off against the same, the amount which he has been compelled to pay to discharge such incumbrance, whether paid before or after the commencement of such suit. *Schuchmann v. Knoebel*, 27 Ill., 177. *Kelly v. Low*, 18 Me., 244. *Brooks v. Moody*, 20 Pick., 475. *Delavergne v. Norris*, 7 Johns., 357. *Owens v. The State*, 38 Penn. State, 211. A tax lien is such incumbrance as to work a breach of the covenant. *Long v. Moler*, 5 Ohio State, 273.

As there is error in sustaining the demurrer, the decision of the court thereon and also the decree rendered in the case, in the court below, must be reversed and the cause remanded for trial.

REVERSED AND REMANDED.