## ISABELLA GUERIN v. WESLEY SMITH.

62  369
j153  151

*Statute of limitations—Bars suit for breach of covenant against incumbrances in six years after right of action accrues—Such covenant does not run with the land—And such right of action will not pass by covenantee's deed—Unless by special assignment thereof—Sale of land under regular foreclosure of existing mortgage after conveyance by mortgagor—And repurchase by his grantee after expiration of redemption year—Creates a constructive eviction—And will sustain action by such grantee for breach of covenant of warranty in his deed.*

February 5, 1874, defendant mortgaged a lot in the city of Port Huron for fifteen hundred dollars, the last installment maturing February 5, 1877.

October 14, 1874, he conveyed the mortgaged premises to plaintiff's grantor, both deeds containing the usual covenants of seizin and against incumbrances, and to warrant and defend against all lawful claims. The mortgage was afterwards *regularly* foreclosed by advertisement, the redemption year expiring July 13, 1878, and on August 19, 1881, plaintiff purchased the land for the amount due on the mortgage and interest, and on May 24, 1883, commenced this suit, averring in her declaration the aforesaid facts.

*Held,* that the right of action on the covenant against incumbrances was barred by the statute of limitations, more than six years having elapsed after it accrued before suit was commenced.

*Held,* further, that inasmuch as the deed from the convenantee to the plaintiff made no reference to *his* right of action for breach of the covenant against incumbrances, which had then accrued, and such right of action not having been assigned to plaintiff, and not running with the land, she could not recover thereon.

*Held,* further, that plaintiff, having set up a constructive eviction, which would be a breach of the covenant of warranty, had a right to have the case laid before the jury under that branch of her case.

———————————

Error to St. Clair. (Stevens, J.) Argued July 1, 1886. Decided July 8, 1886.

Assumpsit. Plaintiff brings error. Reversed. The facts are stated in the opinion and head-note.

*Elliott G. Stevenson*, for appellant :

The discharge of a *legal* liability by one person which another ought to bear raises an *implied* promise of repayment, and will sustain an action of assumpsit: *Norton v. Colgrove*, 41 Mich. 545, and cases cited; *Chaffee v. Jones*, 36 Mass. 265.

A technical breach of the covenant against incumbrances arose on the delivery of the deed by the mortgagor, but only *nominal* damages could have been recovered prior to payment by plaintiff of the amount due on the mortgage: *Post v. Campau*, 42 Mich. 96; *Wyman v. Ballard*, 12 Mass. 303; *Tufts v. Adams*, 8 Pick. 547; *Delavergne v. Norris*, 7 Johns. 358.

The *actual* breach of a contract does not occur until substantial damages accrue, nor can other than *nominal* damages be recovered before the plaintiff has been actually damnified: 3 Wash. Real Prop. (5th ed.) 529 (top paging); *Backus v. McCoy*, 3 Ohio, 211; *Devore v. Sunderland*, 17 Id. 55; *Sprague v. Baker*, 17 Mass. 586; *McConnel v. Kibbe*, 33 Ill. 180; *Cheney v. City National Bank*, 77 Id. 562; *Griggs v. D. & M. Ry. Co.*, 10 Mich. 124. See, also, *Keyes v. Stone*, 5 Mass. 393; *Gibbs v. Bryant*, 18 Id. 118.

In the absence of any promise by plaintiff to pay the defendant's debt, such payment need not be made except under *compulsion*, and if *thus* made would constitute a cause of action *distinct* from that arising from the *breach* of defendant's covenant against incumbrances, and the statute of limitations would run from the *date* of *such* payment.

The covenant of warranty is *future* in its terms and operation, and runs with the estate, in respect to which it is made into the hands of whoever becomes the owner of such estate; but if once broken by eviction, it stands upon the same ground as the covenants which are broken as soon as made: 3 Wash. on Real Prop. (5th ed.) 501 (top paging); *Wilson v. Cochran*, 46 Penn. St. 229; *Hurd v. Curtis*, 19 Pick. 459; *Brown v. Metz*, 33 Ill. 339.

Where a grantor conveys with covenant of warranty mortgaged premises, and the grantee conveys *this* right of

redemption, the purchaser may have an action on said covenant if evicted by the mortgagee, or, as it would seem, by any one having a paramount title: *White v. Whitney*, 3 Metc. 81; *Redwine v. Brown*, 10 Ga. 311–20; *Johnson v. Hollensworth*, 48 Mich. 141; and the statute of limitations would run from the time of eviction: *Chapel v. Bull*, 17 Mass. 215; *Prescott v. Trueman*, 4 Id. 627.

As to whether a *voluntary* payment of *such* an incumbrance by the covenantee will lay the foundation for a suit for breach of covenant of warranty, counsel cite *Shelton v. Pease*, 10 Mo. 482.

The advertisement and sale of the premises under the foreclosure proceedings constituted such an *adverse* assertion of *paramount* title as warranted the covenantee in recognizing the claim and purchasing the mortgaged premises, thus causing a *constructive* eviction sufficient to sustain this action: *White v. Whitney*, 3 Metc. 83; *Donahoe v. Emery*, 9 Id. 68.

*Harris & Vance*, for defendant:

Defendant's covenant against incumbrances was broken, if at all, as soon as made, the right of action then accrued, and the statute of limitations then began to run: *Smith v. Lloyd*, 29 Mich. 382; *Matteson v. Vaughn*, 38 Id. 373; *Norton v. Colgrove*, 41 Id. 544; *Johnson v. Hollensworth*, 48 Id. 140; *Davenport v. Davenport*, 52 Id. 587; *Sherwood v. Landon*, 57 Id. 224.

The right to bring *assumpsit* for such a breach of covenant is given by How. Stat. § 7778, and *such* action is barred in six years after right of action accrues: Id. § 8713, subd. 4; *Sigler v. Platt*, 16 Mich. 206; *Goodrich v. Leland*, 18 Id. 110; *Christy v. Farlin*, 49 Id. 319; *Sherwood v. Landon*, 57 Id. 224.

The mortgage was due February 5, 1877, and might *then* have been paid, and an action brought in which full damages might have been recovered: *Norton v. Colgrove*, 41 Mich. 544; *Post v. Campau*, 42 Id. 90; *Johnson v. Hollensworth*, 48 Id. 140; *Davenport v. Davenport*, 52 Id. 589.

The right of action for breach of the covenant against incumbrances accrued to plaintiff's grantor, and has not been assigned to plaintiff, and was not transferred by the deed to her: *Norton v. Colgrove*, 41 Mich. 544; *Davenport v. Davenport*, 52 Id. 587.

CAMPBELL, C. J. This was an action of assumpsit, containing one count upon a covenant and the common counts.

The count on covenant set out a deed from defendant to Daniel J. Guerin, plaintiff's grantor, and the deed from Daniel to plaintiff. Defendant was alleged to have covenanted against incumbrances and grants, and that he would warrant and defend against all lawful claims. The count then sets out an outstanding mortgage, which was foreclosed and that subsequently plaintiff received a reconveyance from the purchaser on the sale, on payment of the price and interest.

The case seems to have been tried below on the understanding all round that it was a suit arising under the covenant against incumbrances, and on that theory the court below decided very justly that it was barred, because not sued on within six years. This has been frequently decided in this Court, and it has also been decided that such a cause of action does not pass with the land. *Davenport v. Davenport*, 52 Mich. 587.

It is now claimed by plaintiff that the special count set up a constructive eviction, which would be a breach of the covenant of warranty. Upon the hearing we were of the impression that this point was not in the case, and was not raised below; but, on looking at the whole record, we discover that a regular foreclosure sale was made out, and a purchase by plaintiff within six years of the adverse foreclosure title, and tenancy under it, and that the computation of damages is consistent with that claim. As the court below took the case from the jury, we do not think we are authorized to say the point was not in the case. It would be a hardship to deprive plaintiff of a legal right on the doubt whether it had been abandoned. While we are greatly inclined to think this point was not so presented below as to call the judge's attention to it, we must go by the record. Plaintiff, so far as we can see, had a right to have the case laid before the jury under the covenant of warranty. We are therefore compelled to reverse the judgment and grant a new trial, but we are disposed to treat it as a mistrial rather than direct error, and shall give no costs of reversal.

The other Justices concurred.