TOURVILLE, Respondent, vs. THE NEMADJI BOOM COMPANY, Appellant.

70  81
f106  95

*November 2 — November 22, 1887.*

APPEAL TO S. C.  *(1, 2) Exceptions: Review of evidence: Reversal of judgment.  (3) Frivolous appeal: Damages for delay.*

1. Although the order overruling a motion for a new trial on the ground that the verdict is contrary to the evidence was not excepted to or appealed from, yet on an appeal from the judgment this court may review such order. Sec. 3070, R. S.
2. Where the evidence is conflicting, that on behalf of the respondent being sufficient, if it had been uncontradicted, to entitle him to the verdict rendered, and the trial court has refused to set aside such verdict, this court will not disturb the verdict on the ground that it is contrary to the evidence.
3. Damages for delay will not be adjudged to the respondent under sec. 2951, R. S., unless the appeal was not only groundless but taken with the evident purpose of mere delay or in bad faith.

APPEAL from the Circuit Court for *Jackson* County.

Action to recover damages for the loss of saw-logs, etc., through the negligence of the defendant boom company. The plaintiff had a verdict for $725.52, and from the judgment entered thereon the defendant appealed.

For the appellant there was a brief by *Burhans & Perkins*, and oral argument by *Mr. Perkins*.

For the respondent there was a brief by *White & Reynolds*, and oral argument by *Mr. White*.

ORTON, J.   This is an appeal without a single exception in the record.   The case is brought here and presented on its merits on the sole ground that the verdict is contrary to the evidence, a motion to set aside the verdict and for a new trial having been overruled without exception.

It is urged by the learned counsel of the respondent that the appellant, not having excepted to the order overruling

the motion for a new trial, and not appealing therefrom, admits that the decision of the circuit court thereon was correct. This would be so if it were not for sec. 3070, R. S., which allows this court " to review any intermediate order or determination of the court below which involves the merits and necessarily affects the judgment, appearing upon the record transmitted or returned from the circuit court, whether the same were excepted to or not." In a case, therefore, where there was no evidence to support the verdict, or a clear preponderance of evidence against the verdict, it might be the duty of this court to reverse the judgment and award a new trial if no exception was taken to the order denying a motion for a new trial in the court below. But in this case it was admitted by the learned counsel of the appellant upon the argument that there was evidence both ways upon all the material facts upon which the verdict was founded, and it appears that upon the evidence on behalf of the plaintiff alone he would be entitled to the verdict rendered, and that the testimony upon material questions is in conflict. In such case the verdict of the jury ought not to be disturbed. *Meusel v. Semple*, 48 Wis. 86. In this case the matters in dispute are complicated, and the evidence contradictory, and this court could not hope to arrive at a more correct conclusion upon the merits than the jury that rendered the verdict or the learned circuit court that refused to set it aside and grant a new trial. We shall be compelled, therefore, to affirm the judgment by force of the invariable rule governing such cases.

The learned counsel of the respondent asks this court, in view of the groundlessness or frivolousness of the appeal, to adjudge to the respondent damages for his delay, by virtue of sec. 2951, R. S., not exceeding ten per cent. on the amount of the judgment. This is a matter left to the discretion of this court, and we think we ought not to exercise such a discretion except in a case where the appeal is not

only groundless but taken with the evident purpose of mere delay or in bad faith. This appeal was taken the 7th day of June of the present year, and there has been no unnecessary delay in this court of this cause, as this court will endeavor there shall not be in any cause. The delay by this appeal, therefore, scarcely demerits the assessment of damages under this statute, and as we cannot think that this appeal was taken for the mere purpose of delay, and as the respondent has not suffered much from delay, we shall decline to adjudge any such damages in this case.

*By the Court.*— The judgment of the circuit court is affirmed.