Morris vs. National Protective Society of Bay City, Michigan.

---

MORRIS, Respondent, vs. NATIONAL PROTECTIVE SOCIETY OF BAY CITY, MICHIGAN, Appellant.

*February 6 — February 27, 1900.*

(1) *Appeal: Exceptions: Review of orders.* (2) *Accident insurance: Breach of warranty: Waiver: Evidence.*

1. Under sec. 3070, Stats. 1898, if an order refusing to set aside a verdict and grant a new trial is made a part of the record by the bill of exceptions, the supreme court, on appeal from the judgment, may pass upon the sufficiency of the evidence to sustain the verdict, although no exception was taken to said order.

2. In an action upon an accident policy, the question being whether there had been a waiver of the defense of breach of a warranty in the application that the applicant then had no other similar insurance, a letter written by the insurer from which its knowledge of other insurance *at the time of the accident* might be inferred is not evidence of its knowledge that there was other insurance at the time of the application.

APPEAL from a judgment of the county court of Winnebago county: C. D. CLEVELAND, Judge. *Reversed.*

This is an action against a mutual benefit association upon an accident indemnity policy of insurance. The defense insisted upon was that there was a breach of a warranty

contained in the application for the policy. The evidence
showed that the policy was issued September 14, 1897, and
provided for the payment of benefits for total disability for
labor, arising from injuries received by accident, in the sum
of $10 per week, not exceeding fifty-two weeks in all. The
application for the policy, and upon which it was issued,
contained, among other warranties, a warranty that the in-
sured then had no other sick or accident benefit insurance.
The policy was issued in consideration of the payment of a
membership fee of five dollars, and a monthly premium of
one dollar, payable on the 1st day of each month, in advance.
The plaintiff paid the membership fee and the premium fall-
ing due October 1st, but it was admitted that the plaintiff,
at the time of his application and the issuance of the policy,
had other accident indemnity insurance in force. Upon the
8th of October, 1897, the plaintiff received an accidental
fall, and was seriously injured and incapacitated for labor
until the 12th or 14th of January, 1898. On the 9th of Oc-
tober, 1897, the plaintiff caused to be sent to the defendant
a notice of his injury, and stated therein that he was insured
in no other accident company, which notice was received by
the defendant within a few days after it was sent.

On the 5th day of January, 1898, the plaintiff, through
his attorneys, sent a letter to the defendant, giving a state-
ment of his injuries, and asking for blanks whereon to make
proofs. To this letter the defendant replied, January 7, 1898,
as follows: "Yours of the 5th, in reference to the claim of
*H. Johnson*, received. We received notice of *Mr. Johnson's*
injury in the fore part of October. He allowed his policy
to lapse on November 1st, for nonpayment of dues, and we
subsequently had the claim investigated, and found that he
was not totally disabled, so we do not think he is entitled
to any indemnity. We also sent our agent a blank for proof,
so we could more fully ascertain the cause of injury and if he
was really totally disabled, but our agent did not have same

filled out. J. D. Paddock, of the Mutual La Crosse Society, of Wisconsin, also went to Oshkosh to investigate this claim, and wrote us that he did not think that man was totally disabled, and therefore he was not entitled to benefits. It is quite evident that his injury did not produce the sickness that you claim he is suffering from. You state that he has been confined to his bed for eleven weeks. You were certainly misinformed in regard to this, as he has not been anything of the kind. We shall, however, look into the matter further, before we will say whether we shall pay his claim or not."

On the 15th of the same month the plaintiff caused to be forwarded final proofs, for the making of which he paid his attorneys the sum of five dollars. To this the defendant replied by letter as follows, on the 17th day of January, 1898: "Yours inclosing what you term final proofs for injury to *Henry R. Morris*, sometimes called *Henry Johnson*, received. We see that you make claim for injury after his policy lapsed. His policy lapsed November 1st for nonpayment of dues; so, if he is entitled to claim at all, it would only be up to November 1st. We have been in communication with the secretary of the La Crosse Mutual Aid Association, and he writes us that he will be in Oshkosh in a few days, and will investigate the claim, and advise us what he intends to do. We are sure that if he finds *Mr. Morris*, or *Johnson*, entitled to indemnity, that he will pay same, and if he does we shall also pay him his claim up to the time his policy was in force. We, of course, cannot allow him any indemnity after November 1st. Will advise you more in regard to this as soon as we hear from Mr. Paddock."

The claim not being paid, this action was commenced. At the close of the evidence the defendant moved that a verdict be directed in its favor, and the plaintiff moved for the direction of a verdict in his favor. The court directed

a verdict for the plaintiff, with damages fixed at the sum of $144.70. No exception was taken to this ruling. After the verdict was rendered, the defendant moved to set the same aside and for a new trial, but the court entered judgment on the verdict for the plaintiff, and the defendant appeals.

For the appellant there was a brief by *Kerwin, Phillips, Hicks & Cleveland,* and oral argument by *C. D. Cleveland, Jr.*

For the respondent there was a brief by *Hume, Oellerich & Jackson,* and oral argument by *C. D. Jackson.*

WINSLOW, J. A verdict for the plaintiff was directed, notwithstanding the admitted breach of warranty as to existing insurance of a similar character, because the court held that the defendant had waived its right to rely on this defense. Prior to the consideration of the question of the correctness of this ruling, however, a preliminary objection must be considered. It is claimed by the respondent that there is no exception in the record which enables this court to review the evidence. It is true that no exception was taken to the denial of the motion to direct a verdict for defendant, but a motion was made to set aside the verdict and for a new trial, which was overruled; and it has been distinctly held that, where it appears by the record that such a motion has been denied, this court may, on appeal from the judgment and without exception to the order, examine the record to see whether there was any evidence to support the verdict, and if there was none, or if there was a clear preponderance the other way, may reverse the judgment on that ground. *Tourville v. Nemadji B. Co.* 70 Wis. 81. See, also, *Webster v. Phœnix Ins. Co.* 36 Wis. 67. This ruling was made because the order (when made part of the record by the bill of exceptions) is one of the orders covered by sec. 3070, Stats. 1898, and, by the express terms of that section, may, without any exception thereto, be reviewed upon appeal from the judgment.

Coming, then, to the main question, we are compelled to say that there was no evidence in the case showing waiver of the defense of breach of warranty. It does not appear by any evidence in the case that the defendant company, at any time prior to the commencement of the action, had any knowledge that the plaintiff had other insurance at the time he made his application. It is true that it may perhaps be inferred from its letter of January 7, 1898, that it was then informed of other insurance in the Mutual La Crosse Company *at the time of the plaintiff's injury,* but this fact would constitute no defense; nor can it be inferred that the plaintiff had other insurance in September because the fact appears that he had such insurance in the following month.

There being no evidence to show that the defendant had any knowledge of the breach of warranty when the letter of January 7th was written, it is clear that the letter constitutes neither waiver nor estoppel, because it does not appear that it was written with knowledge of the material facts. *Rasmusen v. N. Y. L. Ins. Co.* 91 Wis. 81.

*By the Court.*— Judgment reversed, and action remanded for a new trial.