HANS C. DAHL *v.* ANDREW STAKKE AND EDWARD J. STAKKE.

Opinion filed August 11, 1903.

### Sufficiency of Evidence to Sustain Verdict Reviewable On Appeal Without Exception to Direction of Verdict.

1. The trial court directed a verdict for the plaintiff, and no exception was taken to such direction. The defendant moved for a new trial, and specified as grounds for granting the same that the evidence was insufficient to sustain the verdict. Upon an appeal from the order denying the motion for a new trial, it is *held* that the sufficiency of the evidence to sustain the verdict is reviewable in this court, although no exception was taken to the direction of a verdict. *De Lendrecie* v. *Peck,* 48 N. W. 342, 1 N. D. 422, overruled as to this point.

### Covenant Against Existing Incumbrances Broken, When Deed Is Delivered.

2. A covenant against incumbrances in a warranty deed is broken when made, if incumbrances exist on the land conveyed when the deed is delivered.

### Title to Land Free From Incumbrances, Not Covenant Against Them the Real Consideration of Purchase.

3. The real consideration for a promissory note given for the purchase price of land conveyed by warranty deed containing a covenant against incumbrances is the title to the land free from incumbrances, and not the covenant against incumbrances.

### When Maker Has Paid Off Such Incumbrances, Defense of Total or Partial Failure of Consideration May Be Pleaded Against Such Note.

4. The defense of a total or partial failure of consideration may be interposed, in an action on promissory notes given for the purchase price of land, in case of a breach of a convenant against incumbrances, when the maker has paid off the incumbrance.

### Amount So Paid, In Good Faith, Extent of Such Failure.

5. The extent of the failure of consideration will depend upon the amount paid in good faith by the maker for a discharge of the incumbrance.

### Defense May Be Interposed, Although Maker Has Remained In Possession.

6. Such defense may be interposed in such cases although the maker of the note has remained in continuous possession of the premises sold.

Appeal from District Court, Cavalier county; *W. J. Kneeshaw, J.*

Action on purchase money notes by Hans C. Dahl against Andrew J. Stakke and another.  Judgment for plaintiff, and defendants appeal.

Reversed.

*Halvor Steenerson, Charles Loring and Gordon & Lamb,* for appellants.

The note described in the first cause of action is barred by the statute of limitations. Section 5201, Rev. Codes 1899.  It was given July 1, 1891, and was payable December 1, 1892, and the action was not begun until November 27, 1899.  The evidence showed no new promise, or payment to take it out of the statute.  The claim of payment of $38.73 on October 12, 1893, is not proven.  If not barred, on account of a payment of $163.73 on October 10, 1893, by Andrew J. Stakke, the verdict for the full amount sued for, is not sustained by the evidence, and the directed verdict for full amount sued for is certainly erroneous.

The consideration for both notes has wholly failed.

When plaintiff conveyed to defendant, the tracts of land described in the complaint, by warranty deed, there was a mortgage on each tract in contravention of the covenants of the deed; each was foreclosed and title to the land perfected in third parties.  This is undisputed.

By his objection to the introduction of evidence showing such mortgages, their foreclosure and perfection of title thereunder, in third parties, respondent is presumed to be acting under the obsolete rule, viz: "That where a promissory note was given for the purchase price of land conveyed by deed containing covenants of warranty and seizin and the title to the land failed, the covenants in the deed formed a sufficient consideration for the notes, and that the purchaser could not plead failure of title as a defense, but must pay the note and for his relief resort to a cross action on the covenants."  This has now been superseded by the more salutary one "where there has been a total failure of title, to allow this to be set up in defense to an action upon the note as a total failure of consideration."  6 Am. & Eng. Enc. of Law (2d Ed.), 789.  *Nichols & Shepard Co.* v. *Soderquist,* 80 N. W. Rep. 630; *Durment* v. *Tuttle,* 52 N. W. Rep. 909; *Rice* v. *Goddard,* 14 Pick. 296; *Cook* v. *Mix,*

11 Conn. 432; *Fleetwood* v. *Brown,* 9 N. E. Rep. 352, 11 N. E. Rep. 779; *LaPene* v. *Delaporte,* 27 La. Ann. 252.

Actual eviction not necessary, before the defense of failure of consideration can be interposed in an action on the notes given for the purchase price of land, where the purchaser has bought in an outstanding paramount title, against which his grantor has covenanted. 8 Am. & Eng. Enc. of Law (2d Ed.), 108.

*Spencer & Sinkler,* for respondent.

There was a directed verdict in the court below. There were no objections to evidence nor exceptions to the rulings of the court. No exceptions were taken to court's directing a verdict for the plaintiff. There is no exception in the entire record.

No exception being taken, there is nothing for the court to consider. Without an exception, the court cannot consider whether the trial court erred in directing a verdict. *De Lendrecie* v. *Peck,* 1 N. D. 422, 48 N. W. Rep. 342; *Kirch* v. *Davies,* 11 N. W. Rep. 689; *Anstedt* v. *Bentley,* 21 N. W. Rep. 807; *Geisenger* v. *Beyl,* 37 N. W. Rep. 423; *Selby* v. *Detroit Ry. Co.,* 81 N. W. Rep. 106; *London & Northwest American Mtg. Co.* v. *McMillan,* 80 N. W. 841; *Franzer* v. *Phillips,* 77 N. W. Rep. 668; *D. M. Osborne & Co.* v. *Williams,* 35 N. W. 371; *McCormack* v. *Phillips,* 4 Dak. Ter. 506, 34 N. W. Rep. 39; *Lomstead* v. *Nat'l Life Ins. Co.* 7 N. W. Rep. 403; *McKinnon* v. *Atkins,* 27 N. W. Rep. 564.

Appellants further contend that the consideration for the note sued on has wholly failed. Under the state of the record the court cannot examine the evidence to determine this point. If it could do so, plaintiff must still recover. A vendee cannot dispute his vendor's title nor the possession or right under which he enters, nor can he purchase an outstanding title to the exclusion of his vendor; if he does, such title inures to his vendor's benefit. *Lacey* v. *Davis,* 66 Am. Dec. 529; 25 Am. & Eng. Enc. of Law 707; 2 Desty on Taxation, 929; 29 Am. & Eng. Enc. of Law 127; *Bond* v. *Montague,* 54 S. W. Rep. 403; *Curran* v. *Banks,* 82 N. W. Rep. 247.

In an action for the purchase price of land by the vendor, against the vendee, the latter cannot defend for failure of consideration by reason of failure of consideration, on account of an outstanding paramout title in another, unless he has been evicted or shows the vendor to be insolvent. *Proce* v. *Hubbard,* 65 N. W. Rep. 436; *Hefflin* v. *Phillips,* 11 So. Rep. 730; *Frank* v. *Riggs,* 9 So. Rep. 359;

*Thompson* v. *Shepard,* 5 So. Rep. 334; *Elder* v. *Bank,* 42 S. W. Rep. 124; *Coleman* v. *Bank,* 22 So. Rep. 84; *Stave Co.* v. *Smith,* 22 So. Rep. 275; *Egan* v. *Yeaman,* 46 S. W. Rep. 1012; *Foster* v. *Lyons,* 44 S. W. Rep. 625; *Walker* v. *Arnold,* 44 Atl. Rep. 351; *Zerfing* v. *Seeling,* 80 N. W. Rep. 140; *Nathans* v. *Steifimeyer,* 35 S. E. Rep. 733; *Warren* v. *Clark,* 24 S. W. Rep. 1105.

The pleadings must allege eviction by party having a paramount title. *Jones* v. *Jones,* 7 S. E. Rep. 886; *Sedgwick* v. *Hollenback,* 7 Johns. 346; *Burke* v. *Beverage,* 15 Minn. 160; *Maybury* v. *Thornton,* 1 S. E. Rep. 909.

If a grantor at the time of conveyance is in exclusive possession under claim of title, the covenant of seisin is not broken until the purchaser or those claiming under them are evicted by title paramount. *Backers* v. *McCoy,* 17 Am. Dec. 585; *Devore* v. *Sunderland,* 49 Am. Dec. 442.

A decree of foreclosure and sale does not constitute an eviction. *Waldrons* v. *McCarty,* 3 Johns. 236; *Van Slyck* v. *Kimball,* 8 Johns. 197; *Miller* v. *Watson,* 5 Cowen 190; *Wagner* v. *Finnigan,* 55 N. W. Rep. 1129.

MORGAN, J. On the trial in the District Court, the court directed a verdict in plaintiff's favor for the full amount claimed in the complaint. The defendants saved no exceptions to rulings made during the progress of the trial, and took no exception to the direction of a verdict in plaintiff's favor. The respondent now claims that this court cannot review any of the errors alleged to have been committed by the District Court, for the reason that no exceptions were taken to any of the rulings in the District Court. The appellants moved to set aside the verdict and for a new trial upon a settled statement of the case, and, among other grounds of such motion, specified that the evidence was insufficient to justify the verdict. The particulars wherein such evidence was insufficient to justify the verdict were pointed out and specified in such motion. The specifications of error in the statement of the case contained, among others, one that the court erred in directing a verdict in favor of the plaintiff. The question is therefore presented whether the sufficiency of the evidence to sustain the verdict can be reviewed in this court when no exception was taken to the direction of the verdict. but a motion for a new trial was made on the ground that the evidence is insufficient to sustain the verdict. Section 5463, Rev. Codes

1899, provides that the verdict of the jury and an order granting or denying a motion for a new trial are, among other matters, "deemed to have been excepted to, and the same may be reviewed both as to questions of law and the sufficiency of the evidence upon motion for a new trial, or upon appeal, as fully as if exception thereto had been expressly made." Section 5627 provides: "Upon an appeal from a judgment, the Supreme Court may review any intermediate order or determination of the court below, which involves the merits or necessarily affects the judgment appearing upon the record transmitted or returned from the district court, whether the same is excepted to or not."

This court held, in *De Lendrecie* v. *Peck,* 1 N. D. 422, 48 N. W. 342, that the action of a trial court in directing a verdict cannot be reviewed on appeal when no exception was taken to such action. That is a correct statement of the law in cases where no subsequent proceedings were brought before the court to review the correctness of that ruling. In other words, the correctness of the trial court's rulings must be somewhere challenged in that court before the appellate court will review the erroneous ruling complained of. *Kirch* v. *Davies* (Wis.) 11 N. W. 689; *McGary* v. *De Pedrorena,* 58 Cal. 94. The case of *De Lendrecie* v. *Peck, supra,* goes further, however, and holds that the sufficiency of the evidence to sustain a verdict cannot be reviewed on appeal even when its correctness is challenged on a motion for a new trial based on the sufficiency of the evidence. We cannot follow that decision in so holding. To the direction of the verdict there was no exception. That fact rendered the ruling not reviewable as an error of law occurring at the trial. But the sufficiency of the evidence to justify the verdict was subsequently challenged on a motion for a new trial, in which the insufficiency of the evidence to sustain the verdict was urged as a ground for reviewing the evidence and granting a new trial. This motion was denied. The statute grants an exception to the ruling denying a new trial, and it is not therefore necessary that one be taken by the party. The order denying a new trial is an order involving the merits and necessarily affecting the judgment, and may be reviewed on an appeal from the judgment, whether excepted to or not, under section 5627, Rev. Codes 1899. A case in point is *Morris* v. *National Pro. Society,* 106 Wis. 92, 81 N. W. 1036, in which it is said: "It is true that

no exception was taken to the denial of the motion to direct a verdict for defendant, but a motion was made to set`aside the verdict and for a new trial, which was overruled, and it has been distinctly held that, where it appears by the record that such a motion has been denied, this court may, on appeal from the judgment and without exception to the order, examine the record to see whether there was any evidence to support the verdict, and if there was none, or if there was a clear preponderance the other way, may reverse the judgment on that ground. *Tourville* v. *Nemadje B. Co.,* 70 Wis. 81, 35 N. W. 330. See, also, *Webster* v. *Phoenix Ins. Co.,* 36 Wis. 67, 17 Am. Rep. 479. This ruling was made because the order (when made part of the record by the bill of exceptions) is one of the orders covered by section 3070, Rev. St. 1898, and by the express terms of that section may, without any exception thereto, be reviewed upon appeal from the judgment." We conclude, therefore, that the evidence may be reviewed by us to determine whether there was error in denying the motion for a new trial.

The complaint alleges the making and delivery of certain promissory notes, and that they were given for the purchase price of lands described in the complaint: The answer alleges that the consideration for the notes totally failed; that they were given for the purchase price of lands to be conveyed to the defendant Andrew J. Stakke by deed, free and clear from all incumbrances; that said lands were not conveyed clear of incumbrances; that mortgages against said lands were permitted to be foreclosed and the time for redemption to expire, and the title to said lands passed entirely out of plaintiff's control, whereby it became impossible for the plaintiff to perform his contract. The notes sued on were given to the plaintiff by the defendants for the purchase price of 320 acres of land. No cash payment was made on said purchase, and the notes represented the sum to be paid for said lands. A warranty deed was delivered to the purchaser, and defendants immediately went into possession of the premises, and have remained in possession ever since. The deed to said premises was lost, and secondary evidence was given as to its terms. The evidence is silent as to what covenants it contained, save that it contained a covenant that the premises were free and clear of all incumbrances. After going into possession, the defendant was informed that mortgages upon the premises conveyed to him by plaintiff were being foreclosed by

advertisement. The foreclosure proceeded to a sale, and the premises were bid in by the mortgagees. The redemption period under one mortgage expired on the 27th day of May, 1894, and a deed was issued to the purchaser on the 30th day of October, 1894. The redemption period under the other foreclosure expired on the 31st day of August, 1893, and a deed was issued to the purchaser on October 31, 1899. The mortgage under which the last foreclosure was made was given subject to a prior mortgage on said premises, given in 1887 for the sum of $250, with interest thereon at 12 per cent per annum. After the foreclosure sales, and before the time for a redemption had expired, the defendant Andrew H. Stakke leased the premises from the purchasers at the foreclosure sales. for an annual cash rental. This lease continued in force for two years. At the expiration of this lease the defendant purchased these lands from the purchasers at such foreclosure sale under the crop payment plan. The redemption period expired without redemption, and deeds were issued to the mortgagees by the sheriff. The redemption period had expired under both foreclosures when the defendant purchased the lands from the purchasers at the mortgage foreclosure sales. The total amount of incumbrances on the land on July 1, 1891, when plaintiff conveyed the lands to the defendant, was $648.33, without interest; with interest added, the amount was less than $839, the price agreed to be paid for the land. The price agreed to be paid for the lands was the sum of $839. The defendant paid the sum of $163.73 upon the notes in suit on October 10, 1893, before he had notice that the mortgages, were being foreclosed.

When the taking of testimony closed, the trial court directed a verdict for the plaintiff on the notes. The grounds of the motion made for a directed verdict were that the defendant went into possession of the premises under the deed, and has remained in possession thereof ever since, and has never been ousted or ejected therefrom, and that defendant is estopped to set up an outstanding title, he having entered into and remained in possession under plaintiff's deed.

In this court it is claimed on behalf of the appellants that the consideration for the notes has wholly failed by reason of the failure of the plaintiff to perform his covenant that the lands were free from incumbrances. The respondent contends that the defendant.

having remained in possession, he cannot interpose this defense. The decision of the case must turn upon an answer to the question, what was the consideration for the notes? The plaintiff claims that the consideration for the notes was the conveyance of the fee with a covenant against incumbrances. He claims that the promise to pay and the covenant against incumbrances are separate and independent promises, and the failure of the covenant against incumbrances does not affect the promise to pay; that appellants' remedy lies in an action for damages on the breach of the covenant, and that, if damages were incurred by virtue of a breach of this covenant, they cannot be adjusted in this action, but must be litigated in another action. The appellants contend that the consideration for the notes was the title to the land free from incumbrances, and that, the covenant against incumbrances having been broken, and he having been compelled to buy the title, which had vested indefeasibly in third parties by virtue of the foreclosure of such mortgages, the consideration for the notes has wholly failed. We cannot coincide with respondent's contention, although it is supported by respectable authority. The real consideration for the notes in this case was the title to the land free from incumbrances. The defendant gave his notes for the land free from incumbrances, and did not give them in view of the plaintiff's covenant that the land should be free from incumbrances. In *Rice* v. *Goddard,* 14 Pick. .293, the court said: "The promise is not made for a promise, but for the land; the moving cause is the estate; if that fails to pass, the promise is a mere *nudum pactum.*" In *Whitlock* v. *Denlinger,* .59 Ill. 96, it was said: "It is true, the land and not the covenants of the deed is the true consideration of the deed." Rawle on Covenants, section 327. See, also, Am. & Eng. Enc. L. Vol. 8, p. 208, where it is said, referring to the rule contended for by respondent: "This rule, however, has not been followed by the modern decisions, and the grantee is now permitted, in an action for the recovery of the purchase price, to set up a total failure of title as a total failure of consideration." *Dunning* v. *Leavitt,* 85 N. Y. 30, 39 Am. Rep. .617; *Cook* v. *Mix,* 11 Conn. 432; *Fleetwood* v. *Brown,* 109 Ind. .567, 9 N. E. 352, 11 N. E. 779; *La Pene* v. *Delaporte,* 27 La. Ann. 252; *Mason* v. *Wait,* 4 Scam. 134; *Hall* v. *Perkins,* 4 Scam. 548; *Schuchmann* v. *Knoebel,* 27 Ill. 177; *Deal* v. *Dodge,* 26 Ill. 460; *Davis* v. *McVickers,* 11 Ill. 328; *Lull* v. *Stone,* 37 Ill. 229. It is

also contended that the defense of failure of consideration, either total or partial, cannot be interposed in an action for the purchase price of the land, but that defendant must resort to an action on the covenant against incumbrances contained in the deed. Section 5273, Rev. Codes 1899, permits pleading by way of answer any "statement of any new matter constituting a defense or counterclaim." It is not disputed that, if the covenant in this deed against incumbrances has been broken, an action would lie on the covenant for whatever damages the defendant suffered by reason of such breach of the covenant, not exceeding the consideration money. The only question involved, therefore, is whether the damages thus incurred can be determined in the present action, there being no allegation or proof that plaintiff is insolvent. Under many decisions, the policy is favored of putting an end to litigation by settling all issues connected with the cause of action set forth in the complaint in that action, and thereby avoiding the expense, delay, and inconvenience of circuity of action or multiplicity of suits. Rawle on Covnts. section 326, says: "Yet, as has been said, it is now considered that he should not be compelled to pay over purchase money which he might next day recover in the shape of damages for a breach of his covenants; and hence, to prevent circuity of action, the defense at law of a failure of title has been in some cases allowed." See also, *Knapp* v. *Lee,* 3 Pick. 452; *Davis* v. *Bean,* 114 Mass. 358; *Glenn* v. *Thistle,* 1 Cushm. (Miss.) 42; *Slack* v. *McLagan,* 15 Ill. 242; *McDaniel* v. *Grace,* 15 Ark. 489; *Brandt* v. *Foster,* 5 Iowa 298; *Nesbitt* v. *Campbell,* 5 Neb. 429; *Pence* v. *Huston's Ex'rs,* 6 Grat. 304; *Doremus* v. *Bond,* 8 Blackf. 368; *Walker* v. *Johnson,* 13 Ark. 522; *Desha's Ex'rs.* v. *Robinson,* 17 Ark. 228; Chitty on Cont., p. 703; *Durment* v. *Tuttle,* 50 Minn. 426, 52 N. W. 909; *Mills* v. *Saunders,* 4 Neb. 190; *Warren* v. *Stoddart* (Idaho) 59 Pac. 540; *William Farrel Lumber Co.* v. *Deshon* (Ark.) 44 S. W. 1036.

We conclude that total or partial failure of consideration or want of consideration may be shown as a complete or partial defense in an action on a note given for the purchase price of land sold with covenants, where the title has failed or partially failed; and that, in case of a breach of a covenant against incumbrances, the purchaser is entitled to a credit on a note given for the purchase price of real estate of the amount paid by him to protect his title

against such mortgage by paying said mortgage. The evidence in this case, however, does not show a total failure of consideration for the notes sued on. When the deed was delivered, the mortgages on the land were less than the price agreed on for the land, evidenced by the notes. It is also true that, when the deeds were delivered to the defendant by the mortgagees who had foreclosed the mortgages and received sheriff's deeds, the whole amount of the incumbrances and interest was less than the purchase price with accumulated interest. The defendant paid the sum of $1,250 for the title which had been secured by the purchasers under these forclosure sales. The purchase price as represented by his three notes, with interest thereon, amounted to more than $1,250, after giving credit for the payment of $163.78. So that, from whatever view it may be considered, the mortgages did not exceed the purchase price. Hence the notes represented a consideration over and above the incumbrances.

Respondent's contention, and the ground upon which the trial court directed a verdict, is that defendant, having gone into possession of the premises under the deed, and not having since been ousted or ejected from such possession, is not relieved from the payment of the purchase price; that, if a purchaser buys an outstanding title to protect his title, such purchase inures to the benefit of his grantor; that he cannot buy an outstanding title, remain in possession, and defeat recovery for the possession of the purchase price. It is true that a total failure of title in many cases is not ground for resisting payment of the purchase price if the purchaser remains in possession of the premises, and is not threatened with dispossession, and does nothing towards protecting himself against such adverse title, and is not in any way disturbed or damaged by such outstanding title, it not being hostilely asserted against him. The grounds upon which such cases turn are that such possession may ripen into a good title by the lapse of time, and that the law will not countenance a purchaser in accepting and holding possession and title which are not attacked and to perfect which the purchaser has done nothing, and at the same time refuse to pay for the land. *Mecklen* v. *Blake,* 22 Wis. 495, 99 Am. Dec. 68. Such are not the facts in this case. The defendant has bought the outstanding title held by third parties by virtue of the foreclosure of the mortgages on the premises when the plaintiff conveyed them

to the defendant. In this case it is not material whether the defense be considered as one arising by virtue of the purchase of an outstanding title hostilely asserted, or by virtue of the payment of a valid mortgage against the premises. The outstanding title grew out of the mortgages, and the principles of law applicable are not materially different, except that, before the outstanding title can be purchased with safety, it must be hostilely asserted against the possession of the purchaser of an inferior title. The covenant of the deed was that the premises were free from incumbrances. We will, therefore, treat the case as arising by virtue of a breach of a covenant against incumbrances. The answer does not well plead this defense, but as the answer contains a general denial, and no objection was made to the answer as not sufficient to warrant the defense, we will treat it as sufficient; and, as no objection was made to any of the evidence substantiating this defense on the ground that such defense was not well pleaded, we deem all objections thereto waived. The objection to a defense, arising out of the breach of a covenant against incumbrances, that there has been no eviction, cannot be sustained. A covenant against incumbrances is a covenant that is broken when made if the incumbrance then exists. Rawle on Covnts., and cases cited under section 188; *Lawrence* v. *Montgomery,* 37 Cal. 183; *Marbury* v. *Thornton,* 82 Va. 702, 1 S. E. 909; *Thayer* v. *Clemence,* 22 Pick. 493; *Carter* v. *Denman's Ex'rs,* 23 N. J. Law 260; *Blondeau* v. *Sheridan,* 81 Mo. 545; *Guerin* v. *Smith,* 62 Mich. 369, 28 N. W. 906. If a valid mortgage exists on the land when the deed containing the covenant is delivered, a cause of action for a breach of such covenant arises immediately. The existence of the cause of action for such breach, as such, alone entitles the purchaser to no more than nominal damages, unless he has suffered greater damages by paying the mortgage. In that event, his damages are the amount necessarily paid by him to remove such mortgage, not exceeding the consideration money. If a valid mortgage exists against the land, he may pay off such mortgage before foreclosure or after foreclosure. The existence of such mortgage entitles him to his damages on a breach of the covenant whenever he pays off the mortgage. Section 4982, Rev. Codes 1899. As said in *Delavergne* v. *Norris,* 7 Johns. 358, 5 Am. Dec. 281: "If the plaintiff, when he sues on a covenant against incumbrances, has extinguished the incumbrance, he is entitled to recover the price

he has paid for it. But if he has not extinguished it, but it is still an outstanding incumbrance, his damages are but nominal, for he ought not to recover the value of an incumbrance on a contin·gency when he may never be disturbed by it." Rawle, section 149, says: "If the title be defective, or if an incumbrance exist, the purchaser has a right of action which, as such, is not affected either beneficially or injuriously by the purchase of the paramount claim. Such a purchase merely affects the question of·damages, and, moreover, the question whether the .claim is or is not asserted, and, if asserted,·to what extent, has nothing to do with the right of action. It is sufficient if such claim exists." Jones on Law of Real Property says: "When, at the time of the conveyance, there is an outstanding lien or incumbrance, the grantee need not wait until he is evicted. If the grantee extinguishes the incumbrance, he may recover the amount so paid. If he has not extinguished it, he can recover only nominal damages." Section 891. *Mills* v. *Saunders,* 4 Neb. 190; *Warren* v. *Stoddart* (Idaho) 59 Pac. 540; *Kramer* v. *Carter,* 136 Mass. 504. The defendant was therefore entitled to a credit on his notes for the sum of $1,250 paid for outstanding title resulting from the foreclosure of the mortgages. It was error to direct a verdict for the plaintiff without allowing credit for this sum.

The judgment is reversed, a new trial granted, and the cause remanded for further proceedings according to law. All concur.