## KOCK v. BOSTWICK.

FRAUDULENT CONVEYANCES—CHATTEL MORTGAGES—CORPORATIONS.
  The fact that two chattel mortgages executed by an insolvent corporation to different persons were authorized by the board of directors at the same meeting, and given on the same day, does not constitute them parts of the same transaction, so that the fraudulency of one as to creditors vitiates the other.

Error to Wayne; Frazer, J.   Submitted April 8, 1897. Decided May 28, 1897.

Replevin by Jacob Kock against Noble Bostwick. From a judgment for plaintiff on verdict directed by the court, defendant brings error.   Affirmed.

*Bowen, Douglas & Whiting* (*Henry B. Graves*, of counsel), for appellant.

*Thomas Hislop* (*Barbour & Rexford* and *Hoyt Post*, of counsel), for appellee.

LONG, C. J.   This is an action of replevin, brought by the plaintiff, claiming as chattel mortgagee, against the defendant, a constable of the city of Detroit, who seized the goods and chattels covered by the mortgage in hostility thereto by virtue of a writ of attachment issued out of justice's court at the suit of a creditor of the mortgagor.

The American Brass & Metal Works was a mercantile and manufacturing corporation organized under the laws of the State, with an authorized capital of $50,000, of which $34,230 was paid in.   The plaintiff in this case, Jacob Kock, was its president, and owned a large amount of fully-paid-up capital stock.   The corporation, on April 6, 1896, had assets, consisting of machinery, stock, and book accounts, which some time previously had been inventoried in the neighborhood of $60,000.   On this date the corporation was indebted to the amount of about $42,000, made up as follows:   About $20,225, borrowed of the Citizens' Savings Bank of Detroit, upon notes of the corporation, indorsed by the plaintiff as an accommodation; about $7,000 of customers' paper discounted by the corporation, and indorsed by the plaintiff as an accommodation; about $4,000 borrowed directly by the corporation from the plaintiff; about $11,000 of merchandise indebtedness.   On April 6, 1896, also, the plaintiff owed his brother, Henry Kock, $2,000 for borrowed money.

On April 6, 1896, at the instance of the plaintiff and others, an emergency meeting of the board of directors of the corporation was called, which meeting the president attended, and almost the only business transacted was the authorization and direction by the board that the plaintiff, as president, should be secured by chattel mortgage for the amount of book account and all indorsed notes held by the Citizens' Savings Bank and otherwise, and that

the corporation should purchase from Henry Kock 1,578 shares of its own stock for the sum of $15,500, and pay for the same by giving him the note of the corporation secured by a chattel mortgage upon its property. At the same time, Jacob Kock, the president, transferred 1,578 shares of his own stock to Henry Kock, who took it in payment for the $2,000 debt owed by the former to the latter, and thereupon, at the same time, the old certificates of stock were surrendered, and a new certificate issued on the books of the company for 1,578 shares to Henry Kock.

On April 18, 1896, in pursuance of the order of the board of directors made on April 6th, two chattel mortgages were executed by the president and secretary in the name of the corporation,—the first, for the sum of $31,100, to the president himself, to secure the indebtedness and liability recited above; and the other, subject to the first, to Henry Kock, for $15,500, to pay for the stock bought of him by the corporation. These mortgages were placed on record April 20, 1896, and the president and plaintiff in this case took possession under the first mortgage, running to him.

On May 21, 1896, Maurice Weil commenced suit by attachment in justice's court for a $500 merchandise claim against the American Brass & Metal Works; and the defendant, a constable, seized about $1,100 worth of metal belonging to the corporation, in hostility to the two mortgages. On May 23d the corporation executed a third chattel mortgage for $20,225 to the Citizens' Savings Bank of Detroit, securing the same notes for the indorsement of which the plaintiff was secured in the first chattel mortgage. Jacob Kock foreclosed his first mortgage under the power of sale, bid in the property himself for the sum of $23,750, and thereupon proceeded to replevin from the defendant the property held by him as attaching officer. All these three chattel mortgages covered all the property of every kind and nature owned by the American Brass & Metal Works.

It is the contention of the defendant that he represents a creditor of the American Brass & Metal Works, who has secured a lien on the mortgaged property of the latter; and, thus being in a position to attack the first two mortgages, he has shown that they were made with the intent of hindering, delaying, and defrauding the creditors of the American Brass & Metal Works, under the provisions of 2 How. Stat. § 6203, and are therefore void as to him. In order to avoid both of these mortgages, the defendant insists that the second mortgage, made to Henry Kock, was grossly fraudulent, and its inception was so participated in by all parties to the first mortgage as to vitiate the latter; that both mortgages were parts of one transaction, and the fraud in the one tainted the whole. The circuit judge charged the jury that the second mortgage, given to Henry Kock, was fraudulent and void. The defendant contended, further, that the two mortgages constituted parts of one and the same transaction; that all the honest indebtedness owing to or for which the plaintiff was liable on account of the corporation was put in the first mortgage, and the second one was created and used to cover up the equity of redemption in the property so as to prevent redemption or bidding at the sale by unsecured creditors, and thus to permit the plaintiff to buy in the property himself with no surplus to account for. The trial court refused so to instruct the jury, and held that there was no such evidence, and stated to the jury:

"I will say to you that I consider these two mortgages as separate and distinct transactions under the evidence; but, even if they were the same transaction, or part of the same transaction, or so mingled together as to be part of the same transaction, or the same transaction, still I do not believe that one mortgage being fraudulent under the law of this State would vitiate or destroy the other."

It was conceded that the first mortgage was valid unless made invalid by the making of the second mortgage. It appears that the mortgages were given on the same day, and authorized by the board at the same meet-

113 MICH.— 20.

ing. This is the only evidence in the record upon which the claim is made that they were parts of one and the same transaction. The first mortgage was given to Jacob Kock, and the second to Henry Kock. It has been many times held in this State that a debtor may lawfully secure one creditor rather than another. *Sweetzer* v. *Mead*, 5 Mich. 110; *Olmstead* v. *Mattison*, 45 Mich. 617. And a security made to secure an honest debt will be good although the debtor may know that the effect will be to hinder and delay other creditors. *Jordan* v. *White*, 38 Mich. 253; *Warner* v. *Littlefield*, 89 Mich. 329.

In the case of *Hoey* v. *Pierron*, 67 Wis. 262, 270, the same question was raised as presented here; that is, that all the mortgages were executed at the same time, and, one of them being fraudulent and void, the others were tainted with the fraud. It was said:

"It is claimed, in effect, that, as the four mortgages were executed at the same time, they should be regarded as a part of the same transaction, and, as the $600 mortgage was void, they should all be regarded as fraudulent and void as to the mortgagor's creditors. But the invalidity of the note and mortgage of $600 was by reason of their being given for an insufficient consideration, to wit, the wife's services for her husband. That fact, of itself, did not establish any intent on the part of the mortgagor to hinder, delay, or defraud his creditors in giving either of the other mortgages."

The same rule was stated in *Crawford* v. *Neal*, 144 U. S. 585.

We think the court was not in error in saying that the giving of the two mortgages was not one and the same transaction, and in holding that the fact of the invalidity of the mortgage given to Henry Kock in no manner affected the rights of the plaintiff under his mortgage. We find no such facts and circumstances in the record as would raise a question of fact to be passed upon by the jury. The other questions in the case have been examined, and we find no reason to reverse the judgment.

The judgment must be affirmed.

The other Justices concurred.