WARNER v. LONGWELL.

1. FRAUDULENT CONVEYANCES—STATUTES.
    Evidence *held*, to show that grantor owed grantee sum of money greater than value of property conveyed, hence said conveyance was not in fraud of creditors (3 Comp. Laws 1929, §§ 13394–13398).

2. SAME—DEBTOR MAY PREFER CREDITOR.
    Debtor has right to prefer one creditor as against another and to deed to creditor property to apply on past-due indebtedness.

3. SAME—SETTING ASIDE CONVEYANCE.
    Mortgagee taking mortgage from debtor after he had conveyed land to another creditor was negligent in not examining record title, and, said conveyance not being fraudulent, is not entitled to have it set aside.

Appeal from Van Buren; Hatch (Blaine W.), J., presiding. Submitted October 18, 1932. (Docket No. 118, Calendar No. 36,731.) Decided January 3, 1933.

Bill by Leland R. Warner against Fred M. Longwell to remove cloud from title to real estate. Cross-bill by defendant attacking conveyance as in fraud of creditors. Decree for plaintiff. Defendant appeals. Affirmed.

*David Anderson,* for plaintiff.

*Frank S. Weston* (*Harry C. Howard,* of counsel), for defendant.

POTTER, J. Plaintiff filed a bill to remove cloud from the title of real estate in the village of Paw

On right of debtor to prefer one creditor to another, see annotation in 11 L. R. A. 466.

Paw, Van Buren county. From a decree for plain-
tiff, defendant appeals. Plaintiff acquired the prem-
ises by warranty deed from J. Blaine Warner and
Florence K. Warner, his wife, August 19, 1930,
recorded in the office of the register of deeds Au-
gust 20, 1930. J. Blaine Warner and Florence K.
Warner, his wife, mortgaged the premises to de-
fendant January 6, 1931, recorded January 7, 1931.
Defendant thus became a creditor of J. Blaine War-
ner subsequent to the acquisition of the record title
of the real estate in question by plaintiff. Defend-
ant, by way of cross-bill, attacks the conveyance of
the lands to plaintiff as fraudulent. The law in
relation to fraudulent conveyances has been codified.

3 Comp. Laws 1929, § 13395, provides:

"Every conveyance made and every obligation
incurred by a person who is or will be thereby ren-
dered insolvent is fraudulent as to creditors with-
out regard to his actual intent if the conveyance is
made or the obligation is incurred without a fair
consideration."

3 Comp. Laws 1929, § 13396, provides:

"Every conveyance made without fair considera-
tion when the person making it is engaged or is
about to engage in a business or transaction for
which the property remaining in his hands after the
conveyance is an unreasonably small capital, is
fraudulent as to creditors and as to other persons
who become creditors during the continuance of
such business or transaction without regard to his
actual intent."

3 Comp. Laws 1929, § 13397, provides:

"Every conveyance made and every obligation
incurred without fair consideration when the person
making the conveyance or entering into the obliga-

tion intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors."

3 Comp. Laws 1929, § 13398, provides:

"Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

If the plaintiff gave a fair consideration for the property in question, the conveyance of it to him by J. Blaine Warner and wife was not void. A fair consideration is thus defined by the statute.

3 Comp. Laws 1929, § 13394, provides:

"Fair consideration is given for property, or obligation,

"(a)    When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or

"(b)    When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property or obligation obtained."

The land in question consisted of three adjoining parcels, the east parcel, the Terrill lot, and the Nicholson lot. The east parcel was deeded by plaintiff to J. Blaine Warner and wife as tenants by the entireties June 18, 1923, recorded June 27, 1923. This property was not subject to levy and sale on execution by creditors of J. Blaine Warner at any time thereafter. December 1, 1922, J. Blaine Warner and Florence K. Warner his wife, as tenants by the entireties, acquired the Terrill lot by deed recorded May 21, 1923, and this parcel was not subject to levy

and sale on execution by creditors of J. Blaine Warner.

Jerome C. Warner died in 1915. At the time of his death his estate had a claim against one R. E. Nicholson. Nicholson became the owner of the parcel known as the Nicholson lot. Suit was instituted against him, judgment obtained, execution issued, and a sale made for $350 to the estate of Jerome C. Warner. This piece of property was sold by the administrator of the estate of Jerome C. Warner to plaintiff for $500, he giving his note to the estate therefor. This lot was deeded in 1923 by plaintiff to J. Blaine Warner, so all of the lands in controversy after this conveyance were held either by J. Blaine Warner, or by J. Blaine Warner and wife as tenants by the entireties. J. Blaine Warner at this time was cashier of the Paw Paw Savings Bank. An oil and gas filling station was built upon the property, plaintiff apparently furnishing the money. This oil and gas filling station was operated by J. Blaine Warner. In 1924, plaintiff, on account, he says, of his going to Florida, gave a deed to J. Blaine Warner in blank, and took back a mortgage on this particular property for $3,450, the amount which he had invested therein, according to his testimony, at that time. If J. Blaine Warner, or J. Blaine Warner and wife, had the deeds to the property, it seems not to have been necessary for the plaintiff to make and execute this deed, and the mortgage signed by J. Blaine Warner and wife to him would have been good without it; but he claims in equity he owned the property, and made the deed in question because he preferred to have J. Blaine Warner have the property and his, plaintiff's, wife have a mortgage thereon in case anything happened to plaintiff.

The State widened a trunkline highway and paid a substantial sum for a piece of the property for right of way. The proceeds derived from the settlement with the State were used to remove and rebuild the oil station, and after this, J. Blaine Warner operated this and other oil stations in the village of Paw Paw. He became involved financially with the Cosden Oil Company, owing them in 1930 approximately $8,000. This liability upon the part of J. Blaine Warner was settled by deeding to the Cosden Oil Company another oil station, which is not in controversy here, for $5,000, and by paying to the Cosden Oil Company the sum of $3,000 in cash which was borrowed of the defendant. By reason of other indebtedness of J. Blaine Warner, he was heavily involved financially to others. We are satisfied from the record he owed plaintiff a sum greater than the value of the property in question, conceding that he actually owned it when J. Blaine Warner and wife made the deed in question to the plaintiff in this case. J. Blaine Warner had a right, under the law of this State, to prefer plaintiff as a creditor, to deed him the property to apply on past-due indebtedness (*Hill* v. *Bowman,* 35 Mich. 191; *Jordan* v. *White,* 38 Mich. 253; *Gore* v. *Ray,* 73 Mich. 385; *Webber* v. *Webber,* 109 Mich. 147; *Kock* v. *Bostwick,* 113 Mich. 302; *Belding Savings Bank* v. *Moore,* 118 Mich. 150; *Harnau* v. *Haight,* 209 Mich. 604; *Fremont State Bank* v. *Old State Bank,* 240 Mich. 18); whatever may have been his rights under the Federal bankruptcy act (11 USCA). The defendant, by reason of his long acquaintance with J. Blaine Warner, loaned him the money in question and several days later accepted from J. Blaine Warner and wife the real estate mortgage. No doubt J. Blaine Warner was hard pressed by his creditors at this time, and misrepresented to the

defendant the situation of the title to the property for the purpose of getting the money with which to settle with the Cosden Oil Company. Defendant was negligent in not making an examination of the title of the property or demanding an abstract thereof that someone else might examine the title for him.

Upon the record before us, we think plaintiff entitled to the relief asked. Decree of the trial court affirmed, with costs.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.