SACHSE *v.* SAUER.

1. FRAUDULENT CONVEYANCES—CONSIDERATION—GOOD FAITH—EVIDENCE.

In suit commenced by bill in aid of execution to set aside certain conveyances by a mother to her sons alleged to be in fraud of creditors, documentary evidence and oral testimony *held,* sufficient to establish fair consideration for transfers and *bona fides* thereof.

2. JUDGMENT—RES JUDICATA—FRAUDULENT CONVEYANCES.

Previous action of court in setting aside a certain transfer of property as in fraud of creditors upon *prima facie* case made by plaintiffs in such prior case *held,* not binding in instant suit for same purpose where different parties and other property are involved and defendants introduced evidence overcoming presumption that transfers from mother to sons were fraudulent.

3. FRAUDULENT CONVEYANCES—MOTHER TO SONS—CONSIDERATION—
FRAUD.

Mortgages and transfers of property by mother to sons in return
for loans of stocks and bonds made by them to her could not
be set aside on bill in aid of execution brought by her creditors
where it appears they were upon adequate consideration and
were untainted by fraud.

4. TAXATION—MORTGAGES—VALIDITY—USE IN EVIDENCE.

Failure to pay a sufficient mortgage tax upon recording of mort-
gage would not render it void as between the parties thereto
or as to creditors of mortgagor although such instrument could
not be introduced in evidence (1 Comp. Laws 1929, § 3647).

Appeal from Oakland; Holland (H. Russel), J.
Submitted January 10, 1940. (Docket No. 36, Cal-
endar No. 40,727.) Decided April 1, 1940. Rehear-
ing denied June 18, 1940.

Bill in aid of execution by Otto Sachse and wife
against Constance R. Sauer and others to set aside
transfers of property. From decree rendered,
plaintiffs appeal. Affirmed.

*Robert D. Heitsch* and *Edward N. Barnard,* for
plaintiffs.

*George A. Cram,* for defendants Rosa Crest
Realty Corporation and Richard A. Cross.

*Max N. Freedman,* for defendants Fred A. Sauer,
Robert P. Sauer, and Philip R. Sauer.

*David E. Roberts,* for defendants Constance R.
Sauer and Gerald H. Thompson, individually and as
trustee.

*Chapman & Sauer,* for the estate of Laura H.
Sauer, deceased, and Oakland Real Estate Ex-
change, Inc.

*Harold E. Howlett,* for defendant Ashbaugh, re-
ceiver of the First National Bank at Pontiac.

*Keeling, Bogue & Huthwaite,* for defendant Waite Brothers & Company.

WIEST, J.   This is a bill in aid of execution.  June 25, 1935, plaintiffs obtained a judgment against defendant Constance Sauer in the Oakland circuit for payments due upon a land contract, dated December 31, 1929.   That suit was by attachment levied upon certain lots in the city of Pontiac.   In September, 1935, execution upon such judgment was levied upon the lots attached and other property. The original bill was filed September 30, 1935, and made certain defendants parties, claiming that transfers by Constance Sauer to them were fraudulent as to plaintiffs.   Other persons interested in the various properties intervened as defendants, and the issues raised covered a wide field and also involved the rights of various lien holders on the properties involved.

The testimony is voluminous and involves many transactions and interests of various parties.

The circuit judge held the transfers valid, released the levies under execution, and discharged the attachment.

Documentary evidence so clearly lends credit to the oral testimony of witnesses relative to fair consideration for their transfers, attacked by plaintiffs, and the *bona fides* thereof, as to refute the charge that they were in fraud of creditors.

The circuit judge in a lengthy opinion considered the transactions and transfers seriatim and made findings thereon with which in substance we agree.

In the main the issues are of fact and require no extended restatement of what was said by the circuit judge, for it would be of no benefit to the profession to place the same in the reports, and the parties in

interest are aware of the findings and holdings of the circuit judge. We, therefore, state our conclusions.

Plaintiffs direct attention to the case of *Ashbaugh* v. *Sauer,* 268 Mich. 467, where, under a bill in aid of execution, we affirmed the action of the circuit court in setting aside, as fraudulent as to creditors, one of the transfers involved in the instant case, and claim that holding *res judicata* of that transaction and applicable to this case.

In that case we pointed out that plaintiffs therein introduced documentary evidence in support of their cases and defendants offered no evidence and held, under such a record, plaintiffs had made a *prima facie* case of a fraudulent transfer and, as defendants had produced no evidence of a valid consideration, that the deed be set aside and plaintiffs have execution upon the lots.

In the case at bar defendants introduced evidence establishing adequate consideration and *bona fides* of the transactions, and the presumption employed in the *Ashbaugh Case* disappeared. The issues were of fact and in no way controlled by the *Ashbaugh Case* in which the plaintiffs herein were not parties and some of the defendants herein were also not parties therein; the suit at bar involved other properties and the *Ashbaugh Case* is not *res judicata* of any issue herein. *Corry* v. *Lackey,* 105 Mich. 363; *Laskowski* v. *People's Ice Co.,* 203 Mich. 186 (2 A. L. R. 586); *Oyler* v. *Fenner,* 263 Mich. 119; *Gumienny* v. *Hess,* 285 Mich. 411.

Laura Sauer, sister-in-law of Constance, was possessed of means and gave Constance a power of attorney to manage her financial affairs. Constance exceeded the power in purchasing property in her own name with money belonging to Laura. Laura

died in 1934 and, by will, bequeathed her estate to her nephews, the three sons of Constance Sauer. This made Constance responsible to the three sons for money belonging to Laura and expended by her in excess of authority under the power of attorney. This obligation was recognized and met by a mortgage and transfers for the benefit of her sons in payment of the mentioned and other obligations. The obligation was established and it was not in fraud of creditors to satisfy it in the manner employed. The mortgage represented money and securities Constance had borrowed from her sons.

As said by the circuit judge:

"The court finds as a matter of law that Constance R. Sauer, as the debtor of her sons as her creditors, had a right to secure them for her indebtedness to them and to prefer them as creditors against any other, or all of her creditors under the laws of this State. *Harnau* v. *Haight*, 209 Mich. 604 (see cases cited at pages 609–610); *Grand Rapids Trust Co.* v. *Lutes*, 258 Mich. 609; *Warner* v. *Longwell*, 261 Mich. 468; *Sleeper* v. *Wilson*, 266 Mich. 218."

The mother recognized her pecuniary obligations to her sons for money loaned to her by them and stocks and bonds turned over to her for her use, and there was no fraud on other creditors in paying or securing her sons for such loans and, under the testimony supported by contemporaneous documents, it clearly appears that the transfers to the sons by or emanating from the mother were upon adequate consideration and untainted by fraud.

Plaintiffs contend that the mortgage Constanee gave her sons for moneys and securities and bonds she had borrowed from them was found by the circuit judge to exceed the amount of the consideration

stated in the mortgage and, therefore, insufficient mortgage tax was paid when it was recorded.

Under the statute * in force when the mortgage was recorded, if the tax was not paid the instrument could not be introduced in evidence, but this did not render it void between the parties thereto nor as to the plaintiffs herein, and the point now presented does not appear to have been raised at the hearing.

The findings made by the circuit judge are approved. The levies and attachment are discharged and the bill dismissed, with costs.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.