## PIECH *v.* BEATY.

1. MORTGAGES—RECORDING—NOTICE TO SUBSEQUENT PURCHASERS.

    A duly recorded mortgage is notice to all subsequent purchasers that they take subject to any lien the mortgagee might have on the land whether the record is examined or not (3 Comp. Laws 1929, § 13300).

2. SAME—SECOND MORTGAGE—FORECLOSURE OF FIRST MORTGAGE—REDEMPTION.

    Second mortgagee's lien on property being foreclosed by first mortgagee is not affected nor duly recorded second mortgage extinguished where second mortgagee fails to redeem from sale under statutory foreclosure but the mortgagors do redeem.

3. SAME—REDEMPTION FROM SALE UNDER FORECLOSURE—DELAY IN FORECLOSURE BY SECOND MORTGAGEE.

    Mere delay by a second mortgagee in foreclosing his mortgage until after mortgagors have redeemed from sale under statutory foreclosure does not estop him from foreclosing same within the statutory period.

4. SAME—SECOND MORTGAGEE—REDEMPTION BY MORTGAGOR—FINDING OF COURT—EVIDENCE.

    Finding of trial court that mortgagee under duly recorded second mortgage allowed purchasers from mortgagors to invest in the redemption from the first mortgage *held,* without support in record.

Appeal from Allegan; Miles (Fred T.), J. Submitted June 3, 1941. (Docket No. 20, Calendar No. 41,531.) Decided September 2, 1941.

Bill by Joseph Piech and Viktoria Piech against Emmet M. Beaty and others to restrain mortgage foreclosure by defendant Jacob M. Appel, to compel defendants Emmett M. Beaty and Elsie Beaty to save plaintiffs harmless, and to restrain transfer of property by defendants Beaty. Decree for plaintiffs. Defendant Appel appeals. Reversed and remanded.

*Leo W. Hoffman,* for plaintiffs.

*F. C. Cogshall* and *Diekema, Cross & Ten Cate,* for defendant Appel.

Bushnell, J. Joseph Piech and Viktoria, his wife, formerly of Chicago, Illinois, purchased from defendants Emmett M. Beaty and Elsie Beaty, his wife, property in the county of Allegan, described as follows:

"The south one-half of the south one-half of the southeast quarter of section 22, town 1 north, range 16 west and the south one-half of the southwest quarter of southwest quarter of section 23, town 1 north, range 16 west."

Plaintiffs paid $3,000 for this property, which was conveyed to them by warranty deed; dated November 7, 1932.

The Beatys owned 100 acres of land which they mortgaged to the Federal Land Bank and on which the bank had foreclosed in 1932. The Beatys' right to redeem would have expired January 26, 1933. On the same date that the 60 acres were sold to plaintiffs the entire 100 acres were redeemed from the Federal Land Bank foreclosure by Beaty by payment of $3,467.78 to the register of deeds.

The land was also incumbered by a second mortgage in the sum of $1,065 to defendant Jacob M. Appel, a resident of Highland Park, Illinois. After the sale of the 60-acre parcel to plaintiffs, Beaty and wife paid Appel $200 for a release of the remaining 40 acres from the Appel mortgage. The Pieches alleged that they did not learn of the existence of the Appel mortgage until the summer of 1938, and that Appel commenced proceedings to foreclose his mortgage by advertisement, the date of the mortgage sale being fixed as February 25, 1939.

Claiming that defendant Emmett M. Beaty and Appel had conspired to cheat them, plaintiffs sought the aid of equity to restrain the mortgage sale by Appel and to compel the Beatys to pay the Appel mortgage indebtedness or hold them harmless. Appel appeared, denied the allegations of plaintiffs' bill of complaint, filed a cross bill asking the court to take jurisdiction of his foreclosure proceedings and determine the amount due him by plaintiffs.

The testimony shows that plaintiffs are unacquainted with legal formalities and do not speak English very plainly. They relied upon the assistance of defendant George Landrus, who was one of the directors of the Columbia Farm Loan Association, which had guaranteed the Beaty Federal Land Bank mortgage.

Near the close of the testimony, plaintiffs' attorney stated in open court that no fraud had been established against Appel, but he insisted that plaintiffs were entitled to relief because of the release that Appel had given the Beatys on the 40 acres and his subsequent claim of the right to foreclose against the remaining 60 acres.

The Beatys redeemed the land from the Federal Land Bank mortgage foreclosure prior to the expiration of the period of redemption, thereby extinguishing all liens prior to Appel's mortgage.

The court held that defendants Beaty were liable to plaintiffs on their warranties and that defendant Appel had been guilty of such laches as to estop him from asserting his claim against plaintiffs. The court said:

"He is a business man and a banker, and able to have redeemed from the bank mortgage, but well knowing in 1932 at the depth of the depression that the land was not worth redeeming by him as second mortgagee, abandoned any claim after having made

due inquiry. He allowed plaintiffs to invest $3,000 in the redemption and certainly would have made no claim, even to this day, to any interest in this land, had it not been that Mr. Beaty sought a release of 40 acres, which he executed for $200, with full knowledge that this was the only land retained by the Beatys. It is impossible for the court to place the parties in their original position.''

A decree was entered cancelling the Appel mortgage insofar as it was a lien upon the property now owned by plaintiffs and dismissing Appel's cross bill. The decree also dismissed plaintiffs' bill as against defendants Beaty and George Landrus. Defendant Appel alone appeals.

Appel's mortgage was duly recorded and it was notice to all subsequent purchasers that they took subject to any lien he might have on the land. 3 Comp. Laws 1929, § 13300 (Stat. Ann. § 26.543). The Pieches were bound by the recorded mortgage whether they examined the record or not. *Warner* v. *Longwell,* 261 Mich. 468. Appel could have redeemed the property after foreclosure by the Federal Land Bank or he could have waited to see whether the mortgagors, the Beatys, would redeem. The fact that Appel determined not to redeem did not affect his lien nor extinguish his mortgage. The delay indulged in by Appel does not estop him from acting now if within the statutory period. Appel did nothing to mislead or deceive the plaintiffs and indulged in no conduct that would affect his lien in any manner.

A search of the record does not indicate any testimony to support the finding of the court that Appel allowed plaintiffs to invest $3,000 in the redemption of the Federal Land Bank mortgage.

In *Balen* v. *Lewis,* 130 Mich. 567 (97 Am. St. Rep. 499), a defendant claimed to be discharged from lia-

bility by reason of the release by the mortgagee of other parcels primarily liable. The court said:

"The mere fact that defendant's deed was of record is not constructive notice [to the mortgagee]. In order to raise an equity in favor of a purchaser, it must appear, either that the mortgagee, before releasing, had notice of the sale by the mortgagor, or that the purchaser was claiming rights which would put a reasonably prudent man on inquiry. In such case he would be held to notice of facts which the record of the deed would disclose."

Compare *Dewey* v. *Ingersoll*, 42 Mich. 17.

The decree must be vacated and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered, with costs to appellant Appel.

SHARPE, C. J., and BOYLES, CHANDLER, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.