MCMURTRY v. SMITH.

1. DEEDS—INSTRUMENTS ENTITLED TO BE RECORDED.
   With certain exceptions a conveyance entitled to be recorded includes every instrument in writing by which the title to any real estate may be affected in law or equity (3 Comp. Laws 1929, § 13309).

2. SAME—RECORDING—FEES.
   When conveyances comply with formal statutory requirements as to execution, the register of deeds is required to enter them in the proper entry book, if left with him for that purpose, upon payment of proper fees (3 Comp. Laws 1929, §§ 13300, 13320, 13372).

3. SAME—SUPPLEMENT TO PLAT—RECORDING—RESTRICTIVE COVENANTS.
   Supplement to plat, recorded by plattors after 10 of the 57 lots therein had been conveyed and by which certain use restrictions, including restrictions forbidding sale of beer or other intoxicating liquors, were sought to be imposed upon the entire subdivision, affects title to real estate *held*, a conveyance of real estate entitled to be recorded, constituted constructive notice to purchasers of lots restricted and was admissible in evidence in suit by plattors against subsequent owners of restricted lots seeking to use lots in violation of mentioned restrictions (3 Comp. Laws 1929, §§ 13300, 13320, 13372).

---

Effect of recording acts, see 5 Restatement, Property, § 533.

4. COVENANTS—FRAUD—PLATS—SUPPLEMENT—RECORDING.

Fact that plattors at time of filing supplement to plat imposing use restrictions subsequent to recording plat did not then own 10 of such lots would not constitute a fraud upon defendant grantees of purchasers who purchased restricted lots after the supplement had been recorded merely because such restrictions were not enforceable against the 10 lots which supplement represented as being owned by plaintiff plattors.

5. SAME—AGAINST ENCUMBRANCES—BREACHES.

The breach of a covenant against encumbrances in a warranty deed which is personal to the grantee therein and which did not run with the land would not pass by deeds of the land to subsequent grantees of plaintiff plattors' purchasers.

6. SAME—AGAINST ENCUMBRANCES—PLATS—RECORDING—ESTOPPEL.

Since grantees of plattors' purchasers would have no legal right to rely on plattors' covenant against encumbrances and ignore records in office of register of deeds affecting title to their lot and did not in fact know or rely on such covenant, an essential element of their claimed estoppel was lacking.

Appeal from Midland; Hart (Ray) and Boardman (Harry D.), JJ., presiding. Submitted October 14, 1947. (Docket No. 74, Calendar No. 43,834.) Decided February 16, 1948. Rehearing denied April 5, 1948.

Bill by Ira B. McMurtry and wife against Bentley Smith and wife to restrain sale of liquor on certain premises. Cross bill by defendants against plaintiffs for loss and expenses because of suit. Decree for plaintiffs. Defendants appeal. Affirmed.

*Nelson B. Merritt,* for plaintiffs.

*Curry & Curry,* for defendants.

DETHMERS, J. On June 16, 1937, plaintiffs recorded in the office of the register of deeds of Midland county the plat of McMurtry's subdivision, containing 57 lots which they owned. After conveying 10 lots by deeds, of which 5 specified certain use

restrictions and 5 did not, plaintiffs executed and, on April 5, 1938, recorded a so-called supplement to the plat, in which plaintiffs were described as owners of the 57 lots and by which certain use restrictions were sought to be imposed upon the entire subdivision. Included was a restriction forbidding sale of beer or other intoxicating liquors.

On June 2, 1941, plaintiffs conveyed lot No. 35 to defendants' predecessors in chain of title by a deed making no reference to restrictions, but containing a warranty against encumbrances. Subsequent deeds of conveyance in the chain of title to lot No. 35, including the deed whereby defendants acquired title, are equally silent as to the restrictions and defendants purchased without actual knowledge thereof. Prior to defendants' purchase, beer and wine had been sold for a short time on the adjacent lots numbered 36 and 37, which lots plaintiffs had sold, without restrictions, before recording the supplement.

In February of 1946, defendants obtained a license to sell beer and wine on lot No. 35 for consumption off the premises. On April 24, 1946, plaintiffs, as owners of a remaining portion of the subdivision, filed their bill of complaint praying that defendants be restrained from selling beer and other intoxicating liquors on lot No. 35. From decree for plaintiffs the defendants appeal.

Defendants' first two contentions, on appeal, are (1) that the recorded supplement did not constitute constructive notice of the restrictions to defendants and (2) that the court erred in admitting it in evidence. Defendants base these contentions on the reasoning that "The plat act of 1929" (Act No. 172, Pub. Acts 1929 [3 Comp. Laws 1929, §§ 13198–13277 (Stat. Ann. §§ 26.431–26.510)]), as then amended, governed the making, approving, filing, recording, altering and vacating of plats, and that there was

no provision therein made for filing or recording of a supplement to a plat imposing restrictions on the use of the previously platted premises.

The law applicable to recording of conveyances defines ''conveyance'' as including every instrument in writing by which the title to any real estate may be affected in law or equity, with exceptions not material here (3 Comp. Laws 1929, § 13309 [Stat. Ann. § 26.552]). When conveyances comply with formal statutory requirements as to execution (3 Comp. Laws 1929, § 13320 [Stat. Ann. § 26.563]) the register of deeds is required to enter them in the proper entry book, if left with him for that purpose, upon payment of proper fees (3 Comp. Laws 1929, §§ 13300, 13372 [Stat. Ann. §§ 26.543, 26.761]). The supplement affects title to real estate, is a conveyance as defined by the statute and, no question being raised as to its proper execution, it was entitled to be recorded, constituted constructive notice to defendants of the restrictions, and was admissible in evidence.

Defendants next point to the representation in the supplement that plaintiffs then were the owners of the entire subdivision, although, in truth, they had theretofore sold 10 lots. Defendants urge that if they had known of the existence of the supplement on record and purchased in reliance thereon they would have been defrauded, because actually the restrictions could not have been enforced in their favor as relates to the 10 lots sold prior to recording the supplement. From this, defendants conclude that enforcement of the restrictions upon the use of defendants' lot would constitute a fraud upon them. This is a *non sequitur*.

Finally, defendants contend that plaintiffs are estopped by their warranty deed to defendants' predecessors in title to enforce restrictions not mentioned therein. In this connection defendants cite

authorities for the propositions that (1) a use restriction amounts to an encumbrance; (2) a grantee in a warranty deed with full covenants may rely thereon and need not be vigilant to search the records or examine the title to discover encumbrances. Pertinent as these authorities might be in a suit by a grantee against his grantor for damages for breach of the warranty against encumbrances, they are not decisive of plaintiffs' right to enforce the restrictions. Plaintiffs' covenant against encumbrances in the warranty deed to defendants' predecessors in chain of title was personal to the latter, did not run with the land, and any right of action which might have accrued to them for breach thereof did not pass by deeds of the land to the defendants. *Davenport* v. *Estate of Davenport,* 52 Mich. 587; *Pease* v. *Warner,* 153 Mich. 140; *Simons* v. *Diamond Match Co.,* 159 Mich. 241. The defendants had no legal right to rely on such covenant by plaintiffs, who were not their immediate grantors, and to ignore the records in the office of the register of deeds. As a matter of fact, defendant Bentley Smith testified that when they purchased the lot they had had no knowledge of such covenant and had not relied thereon. Lacking, therefore, is an element essential to defendants' claim of estoppel; *viz.,* a right to rely and actual reliance by them, to their detriment, upon a representation or covenant by the plaintiffs.

Decree affirmed, with costs to plaintiffs.

Bushnell, C. J., and Sharpe, Boyles, Reid, North, Butzel, and Carr, JJ., concurred.