BORAKS *v.* SIEGEL.

1. VENDOR AND PURCHASER—ASSIGNMENT—RECORDING—SUBSEQUENT PURCHASERS—CONSTRUCTIVE NOTICE.

The assignment of the vendee interest to an assignee as security for debt owed by the then-holders of the vendee interest became a valid, separate and distinct interest in the property, and, upon recording, was an encumbrance to which later purchasers of the vendee interest took with constructive notice (CL 1948, § 565.25).

2. ELECTION OF REMEDIES—VENDOR AND PURCHASER—ASSIGNMENT.

Actions by creditor and receiver of judgment debtor against assignors of vendee interest in a land contract did not constitute an election of remedies, so far as defendants are concerned, where they obtained the vendee interest after the recording of an assignment thereof which had been given as security for payment of a note (CL 1948, § 565.25).

3. JUDGMENT—BILLS AND NOTES—FAILURE OF CONSIDERATION.

A valid judgment on a note eliminates the defense of failure of consideration for the note in subsequent proceedings to enforce payment against security given for payment, the judgment not being subject to collateral attack.

4. SAME—PARTIES—RES JUDICATA.

Action by plaintiff against former holder of vendee interest in land contract whose recorded assignment thereof to plaintiff's

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 55 Am Jur, Vendor and Purchaser §§ 420, 673, 696, 705.
[2] 18 Am Jur, Election of Remedies §§ 9, 10, 16.
[3] 30A Am Jur, Judgments §§ 844, 877; 8 Am Jur, Bills and Notes § 572.
[4] 30A Am Jur, Judgments §§ 393–395.
[5] 19 Am Jur, Estates §§ 135, 136.
[6] 37 Am Jur, Mortgages § 539.
[7] 37 Am Jur, Mortgages § 565; 3 Am Jur, Appeal and Error §.1210 *et seq.*
Necessity of producing in court note or other evidence of debt sued on, as a precaution against possibility of double liability. 129 ALR 977.

assignor antedated defendants' acquisition of such interest did not include a determination as to rights of defendant in the property, where defendants were not before that court when it merely concluded defendants therein no longer had any interest in the property.

5. VENDOR AND PURCHASER—MERGER OF INTERESTS.

Fact that for a time plaintiff held both the vendor interest in a land contract and the vendee interest that had been assigned to his brother as security for payment of note the then-holders of the vendee interest had given to the brother *held*, not to have effected a merger of the 2 interests under the evidence presented.

6. ESTOPPEL—COLLECTION OF NOTE—FORECLOSURE OF MORTGAGE.

An unsuccessful attempt to collect note from principal debtors thereunder in no way estops the obligee from attempting to foreclose his mortgage against the vendee interest the assignment of which interest had been recorded prior to acquisition by defendants of the vendee interest, where obligee had not misled assignees of vendee interest (CL 1948, §§ 565.25, 619-.28).

7. APPEAL AND ERROR—REMAND—QUESTIONS REVIEWABLE—ADMISSION OF NOTE IN EVIDENCE.

Whether or not trial court erred in refusing to admit promissory note into evidence on motion of plaintiff after plaintiff had rested is not determined in suit to foreclose mortgage on interest given as security for payment of note, where cause is remanded for further proceedings.

Appeal from Wayne; Piggins (Edward S.), J. Submitted January 5, 1962. (Docket No. 1, Calendar No. 48,948.) Decided May 17, 1962.

Bill by Ludwig Boraks against Joseph H. Siegel, A. Albert Sugar, and Shirley J. Rottman to foreclose equitable mortgage in form of assignment of vendees' interest in a land contract. Bill dismissed at close of plaintiff's proofs. Plaintiff appeals. Reversed and remanded.

*Nelson S. Shapero,* for plaintiff.

*A. Albert Sugar,* for defendants.

Adams, J. This case involves a bill to foreclose a so-called equitable mortgage on a vendee's interest in a land contract.

On December 20, 1949, George Eatmon became the vendee under a land contract. Twenty-two days later, plaintiff acquired the vendor's interest.

Forty-one days after that, on February 21, 1950, the Eatmons gave a promissory note to plaintiff's brother, Paul Boraks, in the sum of $2,164 as evidence of indebtedness for improvements to the property. Eatmons also assigned their vendee's interest "to secure payment" of the note. The assignment to Paul Boraks was recorded on August 9, 1950.

On August 14, 1950, Paul Boraks assigned the vendee's interest obtained from the Eatmons and their promissory note to the plaintiff.

On November 24, 1950, plaintiff instituted summary proceedings against the Eatmons to forfeit the land contract. The proceedings were never completed. On March 15, 1951, defendants acquired the interest of the Eatmons in the land contract. Shortly thereafter, plaintiff made demand upon defendants for payment of the $2,164 promissory note. Payment was refused.

On January 10, 1955, plaintiff secured a justice court judgment against the Eatmons. Plaintiff then proceeded in circuit court by a certified transcript of the judgment. In spite of the circuit court proceedings, the judgment remained unsatisfied.

On June 27, 1960, defendants, having performed under the land contract, received a warranty deed from Arthur A. Dunn and wife, who were the then-holders of the vendor's interest. The warranty deed conveyed the premises "subject to * * * such encumbrances as have accrued or attached since December 20, 1949 through the acts or omissions of parties other than the grantors herein."

This suit was instituted December 11, 1959, plaintiff alleging that the promissory note is still unsatisfied and that he is entitled to obtain satisfaction by foreclosure.

Defenses are: (1) merger of the vendor's interest and the assigned vendee's interest in the plaintiff; (2) failure of consideration; (3) that there was an election of remedies and the matter is *res judicata* because of ancillary receivership proceedings brought after judgment was entered for plaintiff in the case of Ludwig Boraks *v.* George W. Eatmon and wife; (4) that the plaintiff is estopped to pursue his remedy since he has accepted payments on the land contract for years after the defendants denied he had any rights under the notes and assignment.

At the close of plaintiff's proofs, a motion was made to dismiss. It was granted. The court held that plaintiff was estopped to pursue his remedy because defendants were placed in a position by his conduct, or lack of it, to conclude that no valid mortgage existed. From the decision of the trial court, plaintiff appeals.

When the assignment of land contract from the Eatmons to Paul Boraks was recorded on August 9, 1950, defendants had no interest in the property. The assignment became a valid, separate and distinct interest in the property for security. Paul Boraks testified that he was in the home-furnishing business; that he dealt with the Eatmons in connection with the improvements; that he made a profit on the transaction. The contract was between the Eatmons and Paul Boraks for improvements to the house, even though plaintiff assisted in financing Paul Boraks to carry out the contract.

Defendants obtained the Eatmon interest in the property on March 15, 1951. It was already encumbered by the previous assignment, on record, to Paul Boraks. Defendants took with constructive notice

of the outstanding claim in the name of Paul Boraks, CL 1948, § 565.25 (Stat Ann 1953 Rev § 26.543). See, also, *Lowrie & Webb Lumber Co.* v. *Ferguson,* 312 Mich 331; *McMurtry* v. *Smith,* 320 Mich 304; *Piech* v. *Beaty,* 298 Mich 535. They also took with notice that the vendor interest was in Ludwig Boraks.

The proceedings by the plaintiff against George W. Eatmon and wife were not an election of remedies nor a determination of the interest of the parties to this lawsuit in the property. Plaintiff first secured a justice court judgment against the Eatmons. This eliminated any defense of failure of consideration since the judgment on the note in that case is not subject to collateral attack in these proceedings to obtain payment of the note from the security for it. Plaintiff then certified the transcript of judgment to circuit court and attempted to collect by a receivership. The circuit judge held that the Eatmons had lost their rights in the property by assigning their interest to the defendants. The court did not attempt to, nor was it possible for the court to, adjudicate the rights of defendants in the property. The issue was simply whether or not there was any interest of the Eatmons which could be reached by plaintiff.

Is there an estoppel? On the basis of the record none appears. Plaintiff at no time misled defendants, nor in any way permitted defendants to understand that he did not claim a lien against the property for the $2,164 note. Quite the contrary, in addition to the claim having been a matter of record when the defendants acquired their interest in the property, plaintiff promptly asserted the claim to the defendants. When plaintiff conveyed the vendor's interest in the property to Arthur A. Dunn and wife, he was careful specifically to retain "the debt owed to him and secured by an assignment of the vendees' interest." In the absence of any showing

that defendants were led to believe by plaintiff that plaintiff's interest in the property as vendor and his interest as security for a debt had merged, there is no basis to assume either a merger or an estoppel.

The fact that the plaintiff first attempted to collect the note by proceeding against the principal debtors in no way estops him from attempting to foreclose his mortgage, his efforts to collect from the principal debtors having failed. *Stegeman* v. *Fraser,* 161 Mich 35; CL 1948, § 619.28 (Stat Ann § 27.1138); 37 ALR2d 959, 960.

Inasmuch as this case must be remanded, we do not pass upon the question as to whether or not the trial court erred in refusing to admit the promissory note into evidence on motion of plaintiff after the plaintiff had rested.

Reversed and remanded for further proceedings in accordance with this opinion. Costs to appellant.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.